NO. 07-99-0243-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2001

______________________________

HAE SUK BAEK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY CRIMINAL COURT #6 OF DALLAS COUNTY;

NO. MB-98-63536-G; HONORABLE PHIL BARKER, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Hae Suk Baek was convicted by a jury for prostitution and punishment was assessed at six days confinement in the Dallas County jail.  By four points of error, appellant contends the trial court erred in failing to instruct the jury on the law of entrapment, in overruling her motion 
in limine
, and in denying her motion for a mistrial following improper jury argument by the prosecution.  Based upon the rationale expressed herein, we affirm.

The facts of appellant’s case are not in dispute and need only be briefly mentioned.  On December 18, 1998, appellant was working in an establishment known as Yokohama Tan.  This establishment was being investigated by the City of Dallas Vice Section based upon complaints of prostitution.  

As part of the investigation, Detective Doyle Furr entered Yokohama Tan and was met by a female who asked if he had been there before.  He replied that he had and when asked who he had seen, said that he had previously seen a girl named Kim.  Detective Furr was then told that Kim no longer worked there, but four other females, including appellant, were called to the front of the business.  Detective Furr chose appellant from the four females and was led by her to a room containing a bed and a chair, but no tanning device, and was told that the session would cost $40.  Appellant took a fifty-dollar bill from Detective Furr and told him that he should get comfortable.  Detective Furr then disrobed.  When appellant returned to the room with ten dollars in change, she asked Detective Furr what he had done when he had visited before.  Detective Furr replied that he “did the girl” (meaning that he had sex with her) and appellant asked him what he wanted to do with her.  Detective Furr responded that he “wanted to fuck” and appellant held out her hand as if she was wanting money.  Detective Furr asked appellant if $100 was enough and appellant responded that it was.  Appellant took two fifty-dollar bills from Detective Furr and told him that she had to go and get a rag
(footnote: 1) and that she would be right back.  Using a cell phone, Detective Furr called his partner, Mike Mendez, to come inside the establishment and appellant was arrested for prostitution. 

Appellant did not call any witnesses during trial and at the conclusion of the presentation of evidence, the trial court denied appellant’s requested jury charge on entrapment.  Appellant was convicted of prostitution and sentenced to six days confinement in the Dallas County jail.  Presenting four points of error, appellant contends: (1) the trial court erred in failing to instruct the jury on the law of entrapment, (2) the trial court erred in overruling appellant’s motion 
in limine
 and the State’s violation of the motion 
in limine
, and (3) and (4) the trial court erred in denying appellant’s motion for mistrial following improper jury argument by the prosecutor.  We first set forth the applicable law.

A person commits the offense of prostitution if he or she offers to engage or agrees to engage in sexual conduct for a fee.  Tex. Pen. Code Ann. § 43.02 (Vernon 1994); Mattias v. State, 731 S.W.2d 936, 937 (Tex.Cr.App. 1987) (intent to consummate the act not essential). Entrapment is a defense to prosecution when a person engages in illegal conduct because she was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Tex. Pen. Code Ann. § 8.06(a) (Vernon 1994).  However, "conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."  
Id.
  Whenever a defensive theory is raised by the evidence, the defendant is entitled to a jury instruction on that theory.  Booth v. State, 679 S.W.2d 498, 500 (Tex.Cr.App. 1984).  In determining whether the evidence raises the issue of a defensive charge, this Court must consider all the evidence raised at trial, regardless of the strength of the evidence or whether it is controverted.  
Id.
  To raise a claim of entrapment, appellant must initially establish a 
prima facie
 showing of such a defense.  Richardson v. State, 622 S.W.2d 852, 856 (Tex.Cr.App. [Panel Op.] 1981) (opinion on reh'g); Freeman v. State, 998 S.W.2d 379, 382 (Tex.App.--Texarkana 1999, pet. dism'd). 

In establishing inducement by law enforcement, the defendant must show that she was actually induced to commit the charged offense and show that the influence by law enforcement would cause an ordinary law-abiding citizen with average resistance to commit the offense.  England v. State, 887 S.W.2d 902, 909 (Tex.Cr.App. 1994).  The issue of entrapment is not raised where the facts only indicate that the criminal design originates in the mind of the accused and the law enforcement officials or their agents merely furnish opportunity for or aid the accused in the commission of the crime.  Lopez v. State, 574 S.W.2d 563, 565 (Tex.Cr.App.  [Panel Op.] 1978).   

The Court of Criminal Appeals has found the entrapment statute to include both a subjective and objective test.  
See
 
England
, 887 S.W.2d at 913.  Subjectively, a person must be induced to commit the offense, and objectively, the nature of the police activity involved must be examined without reference to the predisposition of the particular defendant.  
Id.
 at 908.  The purely objective test in 
England
 was described as follows: 

The hallmark of a purely objective test for entrapment is the hypothetical person. Once the defendant can show he has been the target of persuasive police conduct, regardless of whether he was in fact persuaded to commit an offense, the focus is directed to the police conduct itself.  The question becomes whether the persuasion used by the law enforcement agent was such as to cause a hypothetical person--an ordinarily law abiding person of average resistance--to commit the offense, not whether it was such as to cause the accused himself, given his proclivities, to commit it.

Id.

The amount of persuasion used to persuade an ordinarily law abiding person of average resistance who is not pre-disposed to commit the offense will vary from case to case.  
Cf.
 Torres v. State, 980 S.W.2d 873, 877 (Tex.App.--San Antonio, 1998, no pet.) (holding that close friendship existed between undercover agent and his friend of twelve years who had previously worked together and was sufficient to show that friend was not pre-disposed to commit offense); Sebesta v. State, 783 S.W.2d 811, 814 (Tex.App.--Houston [1
st
 Dist.] 1990, pet. ref'd) (holding that a close friendship did not exist when agent and defendant had only known each other for two years and knew each other by name only).  Affirmative findings of objective inducement are generally limited to outrageous law enforcement actions occurring in instances of the rarest and most egregious government misconduct.  Hubbard v. State, 770 S.W.2d 31, 39 (Tex.App.--Dallas 1989, pet. ref'd). 

Appellant contends that the act of Detective Furr disrobing during his investigation while she herself remained fully clothed was egregious enough to raise the issue of entrapment.  However, Detective Furr only disrobed after appellant requested that he “get comfortable” and the simple act of disrobing in an establishment that offers body baths, oil rubs, and massages is not an inducement or precursor to engaging in prostitution.  Therefore, subjectively, we find no evidence appellant was in fact induced by Detective Furr’s actions.  As to the objective component, Detective Furr made a sexual request to which appellant readily agreed and accepted money as part of that agreement.  Detective Furr’s act of merely asking for the sexual act was not so outrageous or egregious so as to rise to the level of persuasion sufficient to cause an ordinary law abiding person of average resistance who was not pre-disposed to commit the crime of prostitution to do so.  Therefore, having found no evidence of entrapment, we conclude that the trial court did not err in denying appellant’s request for a jury instruction regarding entrapment.  Appellant’s first point of error is overruled.  

By her second point of error, appellant contends the trial court erred in overruling her motion 
in limine
 and the State’s violation of that motion.  Appellant had asked through her motion that “any mention of any reputation of the location of the defendant’s arrest or any other location” first be ruled upon outside the presence of the jury, and the trial court denied appellant’s motion.  We note initially that the denial of a motion 
in limine
 is not sufficient to preserve error for review.  
See
 McDuff v. State, 939 S.W.2d 607, 618 (Tex.Cr.App.), 
cert. denied
, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997).  Rather, there must be a proper objection to the proffered evidence.  
Id.
  Because appellant did not present an objection, nothing has been preserved for our review.

However, having reviewed the entire record, we recognize that appellant did object to the admission of evidence regarding the reputation of the location of appellant’s arrest and that her objection was overruled.  Therefore, we will consider this point of error, whereby appellant contends that nothing in the Rules of Evidence allow the introduction of character or reputation evidence regarding a location.  Appellant’s contention is correct--nothing in the Rules of Evidence regulate the introduction of the character or reputation evidence of a 
location
.  (Emphasis added).  In fact, the Rules of Evidence specifically provide the means in which a 
person’s
 character or reputation can be introduced.  (Emphasis added).  
See
 Tex. R. Evid. 404, 405.  While appellant’s contention is correct, it must not be overlooked that the obverse is also true--nothing in the Rules of Evidence 
prohibit
 the introduction of character and reputation evidence of a location. 
See generally
 Texas Rules of Evidence.  

Appellant’s argument here that reputation and character evidence of a location is inadmissible to establish guilt is analogous to a situation in which police detain someone in a high crime area without specific evidence or knowledge of a crime.  In such a case, an area’s reputation for criminal activity in and of itself is insufficient to justify a detention.  
See
 Gurrola v. State, 877 S.W.2d 300, 303 (Tex.Cr.App. 1994).  While we agree that evidence of a particular location’s character by itself is insufficient to establish guilt, the admission of such evidence is clearly not error.  The reputation evidence of Yokohama Tan was relevant as to why the location was subject to a police investigation and as to why the police had received complaints about this establishment.  Therefore, having found that appellant’s point of error was not properly preserved through a motion 
in limine
 and because there was no error in admitting this type of evidence, appellant’s second point of error is overruled. 

By her last two points of error, appellant contends the trial court erred in denying her motion for mistrial following improper jury argument by the prosecutor.  The complained of arguments are as follows:

Keep in mind that this is a misdemeanor case.  This is a small criminal offense.  Police officers cannot gather every scrap of evidence.  They can’t grab a towel, a condom.  It would not be cost effective for the police department to do that.

* * *

I want to thank you for your time.  You’ve been here for two days, two important days for you.  We appreciate that time.  You’re here for an important purpose.  You’re here to enforce an important law.  You heard about this place, Yokohama Tan.  Your common sense can tell you what kind of harmful effects it can have on customers, on the women in there.  I mean, these places take advantage of underprivileged women and exploit them. 

Appellant objected to both of these arguments and the trial court sustained both objections.  Appellant also asked for and received a jury instruction to disregard both of these arguments.  However, appellant’s requests for a mistrial after each argument were overruled.  

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone.  Campbell v. State, 610 S.W.2d 754, 756 (Tex.Cr.App.  [Panel Op.] 1980); Taylor v. State, 911 S.W.2d 906, 911 (Tex.App.--Fort Worth 1995, pet. ref'd).  To be permissible, jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement.  Cantu v. State, 939 S.W.2d 627, 633 (Tex.Cr.App. 1997),
 cert. denied
, 522 U.S. 944, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997).

 Improper jury argument constitutes reversible error only if, in the light of the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial new facts which are harmful to the accused.  Wilson v. State, 938 S.W.2d 57, 59 (Tex.Cr.App. 1996).  Appellant's objection was sustained, and the trial court instructed the jury to disregard the question.  We presume on appeal that such instructions are effectual.  Dinkins v. State, 894 S.W.2d 330, 357(Tex.Cr.App. 1995), 
cert. denied
, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).  Nothing in the record indicates that the prosecutor's comments inflamed the minds of the jury to such an extent so as to overcome this presumption.  The prosecutor's argument here violated no mandatory statute and was neither extreme nor manifestly improper.  
Wilson
, 938 S.W.2d at 59.  Moreover, the error, if any, that occurred was cured by the trial court’s instruction to disregard and, as such, there is no need to conduct a harmless error analysis.  
Dinkins
, 894 S.W.2d at 357.  Having found that the trial court did not err in overruling appellant’s motion for mistrial, points of error three and four are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish.

FOOTNOTES
1: Detective Furr testified that the purpose of the rag was to wash the male’s genitals before any kind of sexual contact occurred.