Herbert Lavert PARKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55085.

Court of Criminal Appeals of Texas.

July 6, 1977.

Terry G. Collins, Houston (Court-appointed), for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appellant waived trial by jury and entered a plea of guilty before the court to two counts of aggravated robbery. Punishment was assessed at imprisonment for fifteen years and one day on each count.

Appellant's court-appointed counsel has filed a brief in which he states that the appeal is wholly frivolous and without merit. Although the brief does not contain any arguable grounds of error, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), it does contain an exhaustive and professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *Currie v. State*, Tex.Cr.App., 516 S.W.2d 684. A copy of counsel's brief, ". . . a copy of the Record, including the judgment and sentence, all exhibits, as well as the transcript of the proceedings," have been furnished appellant and appellant has been advised that he may file a pro se brief. No pro se brief has been filed.

We have examined the record and find no merit in the appeal except for the fact that only one sentence was pronounced in the case while the indictment contained two counts of aggravated robbery.

It appears that the indictment was drafted under the provisions of V.T.C.A., Penal Code, Secs. 3.01 and 3.02, and Art. 21.24, V.A.C.C.P., as amended.

Article 21.24, *supra*, provides in part:

"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code."

Section 3.01, *supra*, provides:

"In this Chapter, 'criminal episode' means the repeated commission of any offense defined in Title 7 of this code (Offenses Against Property)."

Section 3.02, *supra*, provides in part:

"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."

The offense of aggravated robbery is provided for in V.T.C.A., Penal Code, Sec. 29.-03, which is found in Title 7 of that code.

An examination of the record reveals that only one sentence was pronounced in this case. That sentence, which recites that appellant had "been adjudged to be guilty of aggravated robbery, as charged in two counts of the indictment" and that punishment had been assessed at fifteen years and one day, then orders appellant confined for a term of not less than five years nor more than fifteen years and one day.

V.T.C.A., Penal Code, Sec. 3.03, provides:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, *sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.*"

Unlike the situation found in *White v. State*, Tex.Cr.App., 543 S.W.2d 130, we are unable to determine upon which count of the indictment the single sentence was pronounced. In instances where two convictions have been based on the same evidence and under the doctrine of carving one of the two offenses is invalid, we have held that the accused was presumptively first convicted in the case with the lower numbered indictment. See *Ex parte Calderon*, Tex.Cr.App., 508 S.W.2d 360; *Ex parte Adams*, Tex.Cr.App., 541 S.W.2d 440; *Rice v. State*, Tex.Cr.App., 548 S.W.2d 725; *Ex parte Birl*, Tex.Cr.App., 545 S.W.2d 169.

Employing the same rationale in the instant case, appellant was presumptively first convicted on the first count of the indictment and judgment and sentence were entered thereon.

If a proper sentence was in fact pronounced on the second count of the indictment, but there was a failure to enter sentence, it may now be entered nunc pro tunc under Art. 42.06, V.A.C.C.P. See *Shaw v. State*, Tex.Cr.App., 539 S.W.2d 887. If, on the other hand, sentence was not pronounced, the trial court may now pronounce sentence[1] and an appeal may be taken therefrom if appellant so desires.

The judgment is affirmed as to the conviction upon the first count of the indictment. The appeal is dismissed as to the conviction arising out of the second count of the indictment.

Opinion approved by the Court.

---

1. Judgment should also be entered upon the conviction arising out of the second count of the indictment. *White v. State, supra.*