James Leon DURHAM, Appellant,

v.

The STATE of TEXAS, Appellee.

No. 55734.

Court of Criminal Appeals of Texas.

Nov. 9, 1977.

Robert A. Scardino, Jr., Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to three counts of aggravated robbery. Punishment was assessed at twelve years on each count.

■ Appellant's court-appointed counsel has filed a brief in which he states that the appeal is wholly frivolous and without merit under *Anders v. California*, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). A copy of counsel's brief and the appellate record have been delivered to appellant and appellant has been advised of his right to file a pro se brief, but none has been filed. We hold that the appeal is frivolous. However, we will consider the sufficiency of the sentences.

■ The indictment contained three counts of aggravated robbery.

V.T.C.A., Penal Code, Section 3.03, provides:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

In *Parks v. State*, 553 S.W.2d 114 (Tex. Cr.App.1977), the conviction on the first count was affirmed and the appeal was dismissed as to the second count because separate sentences were neither pronounced nor entered in the record.

In the present case three sentences were entered on the docket sheet by the trial judge. That complies with Section 3.03, supra. The clerk in exercising the ministerial duty filed one document instead of three.

In the present case the sentence as entered recites, in part:

"It is the order of the court that the Defendant, James Leon Durham, who has been adjudged to be guilty of aggravated robbery, as charged in the three counts of the indictment a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for 12 years as to each charge and said Defendant shall be confined in the Department of Corrections for not less than 5 years nor more than 12 years. . ."

The docket sheet reflects that the sentences pronounced were the same as those entered. This sufficiently pronounces sentence for each offense for which appellant

had been found guilty. The sentence shows that he was convicted for each count alleged in the indictment. The law requires that the terms shall be concurrent. This was done.

We hold that the one document containing the three sentences is sufficient. However, it would be better practice for three instruments to be filed.

The judgment is affirmed.

ONION, Presiding Judge, concurring.

The single instrument purporting to be the formal sentences pronouncing judgments as to all counts is set out in part in the majority opinion and need not be repeated here. It is by no means a model to be emulated, but it does reflect the appellant was found guilty to all three counts, and unlike the instruments in *Parks v. State*, 553 S.W.2d 114 (Tex.Cr.App.1977), and in *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977), it assesses punishment "as to each charge." Cf. *White v. State*, 543 S.W.2d 130 (Tex.Cr.App.1976). It does not, however, apply the indeterminate sentence law to all counts, but the sentences in the instrument can be reformed by this court to apply the indeterminate sentence law. See *Holden v. State*, 98 Tex.Cr.R. 592, 267 S.W. 275 (1924). Why the majority chooses to ignore this deficiency and thus encourages the use of such instrument is not understandable. *Parks* and *White* made clear that a judgment and a sentence should be entered as to each count of the indictment charged under the criminal episode doctrine. See Article 21.24(a), Vernon's Ann.C.C.P., and V.T.C.A., Penal Code, §§ 3.01, 3.02 and 3.03. This is by far the better and safer practice and it avoids many problems. I would agree, however, that a single instrument, as in the instant case, may contain or incorporate separate sentences in order to satisfy V.T.C.A., Penal Code, § 3.02, but careful draftsmanship of the form by legally trained personnel will be required.[1]

I observe that all the cases on this point to date have been from Harris County and most have involved visiting judges. The errors appear to be of a clerical nature, desirous of a "shortcut." This court with its heavy case load should not be required to write repeatedly upon this matter. Surely some local concern by the local trial judges, the district attorney and most importantly, the district clerk, could correct this problem.

I concur in the result reached, but would reform the instrument purporting to be the sentences to apply to the indeterminate sentence law.

1. In the records reaching this court, the trial judges in pronouncing sentences or sentences in open court seem to be unaware of the provisions of V.T.C.A., Penal Code, § 3.03.