**Michael Anthony JOHNJOCK** Appellant,

v.

**The STATE of Texas Appellee.**

Nos. 6–88–003–CR, 6–88–004–CR.

Court of Appeals of Texas, Texarkana.

Jan. 4, 1989.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Michael Johnjock appeals his convictions for delivery of marihuana. The charges were consolidated in a single trial pursuant to Tex.Penal Code Ann. § 3.03 (Vernon 1974). The sufficiency of the evidence is not challenged.

■ Johnjock first contends that the trial court erred in refusing his requested jury instruction on the defense of entrapment. Entrapment occurs when the defendant committed the offense because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Tex.Penal Code Ann. § 8.06(a) (Vernon 1974).

A charge on entrapment is not proper unless the evidence raises that issue. Moreover, the defense of entrapment is not available to a defendant who denies the commission of the offense, because the defense assumes that the crime was committed. *Norman v. State*, 588 S.W.2d 340 (Tex.Crim.App. [Panel Op.] 1979).

The State's principal witness was J. David Beasley, an undercover narcotics agent. Beasley had previously testified, with regard to a consolidated offense, that Johnjock had sold him a baggie of marihuana on May 20, 1987. He testified that he went alone to Johnjock's apartment on the following evening and that Johnjock asked him if he wanted to buy another baggie of marihuana; that he answered yes; that Johnjock made a telephone call and then told him to drive around for fifteen minutes and return; that he did so and returned to the parking lot outside Johnjock's apartment; that Johnjock joined him there a few minutes later, handed him a small baggie of marihuana, and asked for $100.00 in payment; that he paid Johnjock the amount demanded; and that Johnjock then told him that if he ever needed more marihuana, he should call or stop by Johnjock's apartment at any time.

Johnjock testified in his own defense. He denied that he sold marihuana to Beasley, and further stated that Darrell White, a cooperating individual who had accompanied Beasley to Johnjock's apartment on the previous day, had given him two baggies of marihuana "up front," meaning on credit; that on May 21, Beasley had returned to his (Johnjock's) apartment accompanied by White; that White asked him (Johnjock) for a baggie of marihuana and that he gave it to him; that he did not receive payment for the marihuana from either White or Beasley; and that both White and Beasley then left the apartment.

The State argues that Johnjock's testimony amounted to a denial that he committed the offense as it was charged in the indictment. We agree. Although his testimony may have admitted another offense, it clearly put him in the position of denying that he *delivered the marihuana to Beasley*, which is the offense alleged in the indictment. He cannot deny committing the offense and still argue that he was entrapped into doing so. *Norman v. State*, supra; *Guerrero v. State*, 507 S.W.2d 765, 767 (Tex.Crim.App.1974); *Marlow v. State*, 730 S.W.2d 845 (Tex.App.–Fort Worth 1987, pet. ref'd). Since he denied committing the offense, he was not entitled to a charge on entrapment.

■ Johnjock also contends that the trial court should have given his requested jury charge regarding exclusion of materials such as mature stalks, stems, or seeds in

determining the nature and weight of the marihuana.

Johnjock's requested charge asked that the jury be directed to exclude any mature stalks, stems, or seeds from its consideration of the nature of the substance involved and from its determination of its weight. The trial court overruled the request, but the charge given included verbatim the statutory definition of marihuana as set forth in Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(24) (Vernon Supp.1989). That definition specifies that marihuana does not include the mature stalks of the plant, fiber or compounds produced from the seeds of the plant, or the sterilized seed of the plant which is not capable of germination. This exclusion is in the nature of an exception to the offense, and the person seeking to claim its benefit has the burden of going forward with evidence raising an issue on it. *Doggett v. State*, 530 S.W.2d 552 (Tex. Crim.App.1975). Thus, to be entitled to a special instruction on that defense, Johnjock was required to present evidence as to the weight of the marihuana, minus the stalks and other properly excludable material. *Elkins v. State*, 543 S.W.2d 648 (Tex. Crim.App.1976); *Torres v. State*, 161 Tex. Crim. 480, 278 S.W.2d 853 (1955). He failed to do so.

Kenneth Evans, a chemist for the Texas Department of Public Safety, testified that he tested and weighed the substance involved in this case, that it was marihuana, and that its net weight, excluding the plastic bag, was .81 ounce. When asked by Johnjock's counsel whether the substance weighed included seeds, Evans conceded that some were present; that seeds were excludable if sterile and not capable of germination; and that no determination was made as to whether the seeds were sterile. Evans also testified that there were some small nonmature stalks and stems present. Neither Evans nor anyone else, however, testified that any of the stalks and stems were "mature" and thus excludable under the statutory definition. Evans was not asked what the weight of marihuana would have been had any of the questioned material been removed from the substance before being weighed. Johnjock therefore failed to carry his burden to produce evidence that the marihuana included excludable material which, if removed, would place the weight at less than that set forth in the indictment. *Marroquin v. State*, 746 S.W.2d 747 (Tex.Crim.App.1988); *Elkins v. State*, supra; *Doggett v. State*, supra.

■ In his final point of error, Johnjock argues that the trial court erred by giving the jury a single charge on punishment after he was found guilty of this offense and another delivery of marihuana offense which by agreement had been consolidated for trial.

The trial court did give a single punishment charge, but the charge included the docket numbers of both offenses of which Johnjock had been found guilty in this consolidated trial. Thereafter, the trial court pronounced two separate written judgments and sentences, one for each of the two causes. No objection was made by Johnjock to any of these procedures.

Johnjock contends that although he was prosecuted in a single criminal action, the sentence for each offense for which he was found guilty should have been pronounced pursuant to Tex.Penal Code Ann. § 3.03[1] and Tex.Code Crim.Proc.Ann. art. 37.07, § 2(c) (Vernon 1981),[2] but that the court did not do so. The record, however, is to the contrary, for it clearly shows that the court did precisely that. The court's two separate judgments and sentences, one for each offense, are in the transcript.

---

**1.** Tex.Penal Code Ann. § 3.03 (Vernon 1974) provides:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

**2.** Tex.Code Crim.Proc.Ann. art. 37.07, § 2(c) (Vernon 1981) provides: "Punishment shall be assessed on each count on which a finding of guilty has been returned."

Johnjock further argues that the jury should have submitted its verdict as to punishment on two separate forms. It appears that the court prepared one verdict form with both case numbers on it. A copy of the verdict form appears in the record of both cases. While the effect of proceeding in a single action under Tex.Penal Code Ann. § 3.03 is to treat multiple convictions as a single conviction for punishment purposes, *Haliburton v. State,* 578 S.W.2d 726 (Tex.Crim.App. [Panel Op.] 1979); Searcy & Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 3.03 (Vernon 1974), a separate punishment should be assessed in each case. Tex.Code Crim.Proc.Ann. art. 37.07, § 2(c). Thus, the procedure was error. Johnjock made no objection to the submission of the punishment form, however. Since there was no objection, reversal is required only if egregious harm resulted. *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984). Johnjock has pointed to no harm resulting to him because of this procedure. *See Haliburton v. State,* supra. There is no indication that the jury was confused. They were told that the two cases were being tried together, and the punishment verdict form clearly showed both case numbers. Johnjock has not demonstrated that this procedure had the effect of depriving him of a fair and impartial trial.

The judgment is affirmed.

GRANT, Justice, dissenting.

Johnjock correctly contends that he was entitled to two separate assessments of punishment. The unequivocal language of Tex.Code Crim.Proc.Ann. art. 37.07, § 2(c) (Vernon 1981) entitles him to have punishment assessed on each count: "Punishment shall be assessed on each count on which a finding of guilty has been returned."

The jury was asked to make only one assessment of punishment on a form bearing the numbers of both cases. Tex.Penal Code Ann. § 3.03 (Vernon 1974) requires that when cases have been consolidated for trial the sentences shall run concurrently. Since only one assessment of punishment had been made, the trial court, in order to comply with the statute, used the same assessment twice to pronounce two sentences.

Section 3.03 is not a contradiction or exception to the requirement of Article 37.07. A careful look at cases applying Section 3.03 shows that punishment in those cases was assessed on each count. *Haliburton v. State,* 578 S.W.2d 726 (Tex.Crim.App. [Panel Op.] 1979); *Durham v. State,* 557 S.W.2d 526 (Tex.Crim.App.1977); *Parks v. State,* 553 S.W.2d 114 (Tex.Crim.App.1977). Johnjock's agreement to a consolidation of the two causes does not constitute a relinquishment of his right to have two separate assessments of punishment.

The harm is obvious. There is no way to know if the jury intended to assess six years on one charge and two years on the other, or four years on each charge, or any possible combination that would add up to eight years. Any way that the jury combined the sentences amounted to stacking[1] instead of having them run concurrently as is required by the statute. Although counsel failed to object to this form of the charge, the error is egregious. It is fundamental that a person cannot be sentenced to a punishment that has never been assessed. Any way that the pronouncement of *two* eight-year sentences based upon *one* eight-year assessment is viewed, it amounts to a portion of the sentence not being based upon a proper assessment of punishment.

I would remand this cause for a new hearing on punishment.

---

1. In the final argument on punishment, the State told the jury, "We have a man that has committed two crimes and the cases have been consolidated so *one* sentence reflects the punishment that he gets for the two different transactions." (Emphasis added.)