**Larry Dean FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–98–00227–CR.

Court of Appeals of Texas, Texarkana.

Argued July 1, 1999.

Decided August 5, 1999.

See also 1999 WL 568608.

Ebb B. Mobley, Attorney at Law, Long-view, for appellant.

F. Alfonso Charles, Assistant District Attorney, C. Patrice Savage, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Larry Dean Freeman was charged with two counts of intentionally and knowingly delivering a controlled substance of more than one gram but less than four grams, by actually transferring the controlled substance. Both cases, cause numbers 25,-387–B and 25,389–B, were consolidated for trial. Freeman was tried by jury and found guilty. The jury assessed punishment in each case at imprisonment for life. He now appeals his conviction in cause number 25,387–B, contending that the trial court erred in denying his motion for new trial and by denying a jury charge on entrapment.

On May 9 and 10, 1997, Freeman sold cocaine to Marvin Kelly, an informant working with Gregg County law enforcement. Kelly gave Freeman money with which to purchase the cocaine. Freeman then made the purchases and brought the cocaine back to Kelly's location. When Freeman returned, Kelly allowed Freeman to smoke a small portion of the cocaine that he had purchased. The transactions were videotaped, and the videotape was played for the jury at trial. Freeman testified on his own behalf and admitted making the purchases.

In his first point of error, Freeman complains that the judge erred in denying his motion for new trial. The granting or denying of a motion for new trial lies within the discretion of the trial court. We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993).

In the motion for new trial, Freeman complained that the State failed to disclose to him that Kelly, the informant, was on deferred adjudication probation for solicitation of prostitution. Freeman complains that the failure to disclose this information was in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Such a violation occurs when a prosecutor 1) fails to disclose evidence, 2) which is favorable to the accused, 3) that creates a probability sufficient to undermine the confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex.Crim.App. 1992). Favorable evidence includes both exculpatory evidence and impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Freeman contends that failure to disclose the information about Kelly denied him the ability to challenge Kelly's credibility during cross-examination at trial. Freeman further contends that this evidence was material because it undermines confidence in the verdict because the State's case was built solely on Kelly's testimony.

The State admits that the information concerning Kelly's criminal history was not disclosed to Freeman during trial. The State further concedes that such evidence could be used for impeachment purposes. However, the State argues that the undisclosed evidence is not of a nature which

would undermine confidence in the verdict because, aside from Kelly's testimony, Freeman admitted that he delivered cocaine to Kelly. The videotape of these transactions was also shown to the jury. We agree with the State. The trial court did not abuse its discretion in denying the motion for new trial. The first point of error is overruled.

■ In his second point of error, Freeman contends that the trial court improperly denied his requested charge on the defense of entrapment. He contends that the evidence showed that he was induced into purchasing the drugs for Kelly because Kelly made the drugs available to him for his own consumption after the purchase. Whenever a defensive theory is raised by the evidence, the defendant is entitled to a jury instruction on that theory. *Booth v. State,* 679 S.W.2d 498, 500 (Tex.Crim.App.1984). In determining whether the evidence raises the issue of a defensive charge, this Court must consider all the evidence raised at trial, regardless of the strength of the evidence or whether it is controverted. *Id.*

The Texas Penal Code provides that:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Tex. Pen.Code Ann. § 8.06(a) (Vernon 1994).

■ In order for an appellant to raise a claim of entrapment, he must initially establish a prima facie showing of such a defense. *Richardson v. State,* 622 S.W.2d 852, 856 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g). For purposes of entrapment, the law enforcement agent must implant the criminal design in the defendant's mind. *Id.* at 854. If the uncontroverted evidence establishes that

the criminal intent did not arise because of the law enforcement agent's actions, then no instruction on entrapment is required. *See Tims v. State,* 779 S.W.2d 517, 520 (Tex.App.-Beaumont 1989, no pet.).

■ In establishing inducement by law enforcement, the defendant must show that he was actually induced to commit the charged offense and show that the influence by law enforcement would cause an ordinary law-abiding citizen with average resistance to commit the offense. *England v. State,* 887 S.W.2d 902, 909 (Tex. Crim.App.1994). The issue of entrapment is not raised where the facts only indicate that the criminal design originates in the mind of the accused and the law enforcement officials or their agents merely furnish opportunity for or aid the accused in the commission of the crime. *Lopez v. State,* 574 S.W.2d 563, 565 (Tex.Crim.App. [Panel Op.] 1978). A promise to get the defendant high on drugs does not constitute "persuasion or other means likely to cause persons to commit the offense charged." *Bush v. State,* 611 S.W.2d 428, 432 (Tex.Crim.App. [Panel Op.] 1980) (opinion on reh'g).

Freeman admitted the drug sales to Kelly, as required in claiming an entrapment defense. *See Johnjock v. State,* 763 S.W.2d 918 (Tex.App.-Texarkana 1989, pet. ref'd). He also testified that he was addicted to crack cocaine and bought the drugs for Kelly because Kelly allowed him to "get a little taste of it off the top" for free. When asked what pressure Kelly exerted on him to get him to go purchase the cocaine, Freeman answered that Kelly did not have to exert any pressure because he had lost his job and the purchases provided him with a way to support his habit. The evidence fails to show that Freeman was induced by law enforcement officers to commit the crime. Freeman simply took advantage of an opportunity to support his drug habit by delivering cocaine to the informant. The second point of error is overruled.

The judgment of the trial court is affirmed.

Dissenting opinion by Justice GRANT.

GRANT, Justice, dissenting.

I respectfully dissent.

Entrapment is generally a question for the jury unless the accused establishes the defense as a matter of law. *Melton v. State,* 713 S.W.2d 107, 113 (Tex.Crim.App. 1986); *Redman v. State,* 533 S.W.2d 29, 31 (Tex.Crim.App.1976). Once the accused has presented evidence of entrapment, the State must disprove the defense beyond a reasonable doubt. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App.1991).

The question in the present case is whether or not the defendant raised entrapment, so that he would be entitled to get a jury instruction on the entrapment defense.

The State's testimony showed that their informant, who is paid on a per case basis, set up the case against Freeman. His informant testified that he made close to $28,000 or $30,000 a year doing this work.

The defendant testified that he had been in a penitentiary most of his life, but not for using or selling crack cocaine. He testified that he had been addicted to drugs, but not crack cocaine. He testified that the State's agent introduced him to the crack cocaine and that he quickly became hooked. He testified that because of this addiction he lost his job as a pipefitter's helper. He testified that until the time he lost his job, he was buying drugs from the State's informant and other people. He testified that after he lost his job, he was approached by the informant and asked to make a run to Shreveport to pick up some drugs; that he was promised that he would be given some of the drugs if he made the trip. He testified that the State's informant contacted him on multiple occasions trying to get him to go to Shreveport to pick up some drugs. The State's informant provided the money. He testified that had it not been for the State pressuring him to make the trip, he would have not have done so.

The defendant's testimony asserts that the action was clearly the plan of the State and did not originate in the defendant's mind, that the State introduced the defendant to crack cocaine so that he could not resist the State's urging him to go and make the purchase, and that the State persistently, over a two-week period, requested him to go and make the purchase. Evidence that the State provided crack cocaine for the defendant's use along with promises for more for commission of the charged act raises the issue of entrapment as a fact question for the jury.