In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00125-CR


______________________________




TYRELL DARNELL SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 08-0428X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 The marihuana found in the possession of Tyrell Darnell Smith, including seeds and possibly
stems, weighed 4.13 ounces. Smith was convicted in a jury trial for possession of marihuana in an
amount greater than four ounces but less than five pounds and was sentenced to eighteen months'
confinement. On appeal, Smith contends his trial counsel was ineffective because he failed to have
the marihuana re-weighed after removal of the seeds and stems and because he failed to inform the
jury that the seeds and stems were not to be included in the weight of the marihuana. Because
ineffective assistance of counsel has not been shown, we affirm. 

 Any allegation of ineffectiveness of counsel must be firmly founded in the record. Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999); Wallace v. State, 75 S.W.3d 576, 589 (Tex. App.--Texarkana 2002), aff'd, 106
S.W.3d 103 (Tex. Crim. App. 2003). From the record received by this Court, which does not include
counsel's reasons for the alleged failures, Smith bears the burden of proving that counsel was
ineffective by a preponderance of the evidence. Goodspeed, 187 S.W.3d at 392; Thompson, 9 S.W.3d
at 813; Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). We apply the two-pronged
Strickland test handed down by the United States Supreme Court to determine whether Smith
received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). 
Failure to satisfy either prong of the Strickland test is fatal. Ex parte Martinez, 195 S.W.3d 713, 730
n.14 (Tex. Crim. App. 2006). Thus, we need not examine both Strickland prongs if one cannot be
met. Strickland, 466 U.S. at 697.

 First, Smith must show that counsel's performance fell below an objective standard of
reasonableness in light of prevailing professional norms. Id. at 687-88. There is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance
and that the challenged action could be considered sound trial strategy. Id. at 689; Ex parte White,
160 S.W.3d 46, 51 (Tex. Crim. App. 2004); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Therefore, we will not second-guess the strategy of Smith's counsel at trial through hindsight. 
Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex.
App.--Texarkana 2005, pet. ref'd). In this case, since the record is silent as to why counsel failed to
make an objection or take certain actions with regard to the weight of marihuana containing seeds and
stems, we will assume it was due to any strategic motivation that can be imagined. Mata v. State,
226 S.W.3d 425, 431 (Tex. Crim. App. 2007); Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App.
2001); Fox v. State, 175 S.W.3d 475, 485-86 (Tex. App.--Texarkana 2005, pet. ref'd).

 As  defined  in  the  Texas  Health  and  Safety  Code,  marihuana  "means  the  plant 
Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound,
manufacture, salt, derivative, mixture, or preparation of that plant or its seeds." Tex. Health &
Safety Code Ann. § 481.002(26) (Vernon Supp. 2008). It does not include:

(A) the resin extracted from a part of the plant or a compound, manufacture, salt,
derivative, mixture, or preparation of the resin; (B) the mature stalks of the plant or
fiber produced from the stalks; (C) oil or cake made from the seeds of the plant;
(D) a compound, manufacture, salt, derivative, mixture, or preparation of the mature
stalks, fiber, oil, or cake; or (E) the sterilized seeds of the plant that are incapable
of beginning germination. 

Id. A plain reading of the statute indicates that seeds are included within the definition of marihuana
unless they are sterilized and that only mature stalks are excluded. 

 Smith  first  contends  his  counsel  was  ineffective  because  he  failed  to  have  the
marihuana re-weighed without the seeds and stems. Our reading of the record reveals no evidence
that the seeds in this case were sterilized. (1) Next, Karen Ream, the forensic scientist that weighed the
marihuana, specifically testified stalks were not included in the weight. (2) Since there is no evidence
that the weight of marihuana included any mature stalks or sterilized seeds, counsel was not
ineffective in failing to ask that the marihuana be re-weighed. We overrule this point of error. 

 Next, Smith alleges his counsel failed to inform the jury "that the law requires that the weight
of the seeds, stems, and contaminants should be included in the total weight" of the marihuana. 
During closing argument, Smith's counsel claimed "[t]he more serious issue is the weight," and stated
"the law in Texas is that it has to be more than 4 ounces of a usable quantity of marijuana as defined
by the definition of marijuana in our Penal Code or Health and Safety Code." The trial court's charge
specifically included the definition of marihuana per Section 481.002(26) of the Texas Health and
Safety Code in its entirety. Also, Smith's counsel pointed out that "it's left up to each of you to
determine what is a usable quantity of marijuana, because it's only the usable quantity of marijuana
that is supposed to count toward this weight." To solidify his point, although no evidence suggested
the small stems in the bags were mature stalks, counsel stated, "It's the leaves; that's what's usable. 
That's what they smoke. They smoke these leaves. They don't smoke these stems." From these facts,
we find that contrary to Smith's assertions, the jury was informed that mature stalks and sterilized
seeds were to be excluded in the weight of the marihuana. 

 Thus, we cannot conclude, based on the record before us, that Smith has met his burden to
demonstrate counsel's ineffectiveness.

 We affirm the judgment of the trial court.


 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 5, 2009

Date Decided: October 6, 2009


Do Not Publish
1. It is the defendant's burden to establish the seeds were sterilized. Doggett v. State, 530
S.W.2d 552, 554-56 (Tex. Crim. App. 1976); Nowling v. State, 801 S.W.2d 182, 184 (Tex.
App.--Houston [14th Dist.] 1990, pet. ref'd); JohnJock v. State, 763 S.W.2d 918, 919-20 (Tex.
App.--Texarkana 1989, pet. ref'd). 
2. Pictures of the contraband, which was found in three bags, were included as evidence in the
record. They do not suggest mature stalks were included in the weight of the marihuana. 



="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00017-CV

                                                ______________________________

 

 

      CLARKSVILLE OIL AND GAS COMPANY, LTD., ET AL.,
Appellants

 

                                                                V.

 

                                     MARCUS A. CARROLL, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CV02480

 

                                                                                                   

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Clarksville
Oil and Gas Company, Ltd., and a group of apparently affiliated organizations[1]
(together called the Clarksville Companies) appeal a summary judgment against
them and in favor of Marcus A. Carroll, asserting that they did make out a fact
issue of whether Carroll was responsible for preparation or filing of an
overbroad abstract of judgment.  Because
the Clarksville Companies response to Carrolls motion for summary judgment
was filed too late, and there was no trial court order allowing such late
filing, we find the summary judgment was properly granted.

            Patricia
Coplan Fry, Dekrfour, Inc., Nelson Operating, Inc., Bobby Noble, and Wood
County Oil and Gas, Ltd. (hereinafter referred to as Fry Defendants) had been
defendants in a 2004 breach-of-contract case arising out of competing claims to
certain interests in an old oil field.  In
that case, on the Fry Defendants counterclaim against Wendell Reeder, they obtained a judgment against
Reeder.  As part of that judgment, the
Fry Defendants attorney, Marcus A. Carroll, was awarded $125,000.00 in attorneys
fees.[2]  

            In 2008, Fry
filed an abstract of judgment listing the Fry Defendants and Carroll as
judgment creditors.  The abstract of
judgment ostensibly created judgment liens on nonexempt real property of those
it named as judgment debtors therein.  In
the abstract of judgment, Fry included the Clarksville Companies as judgment
debtors.  The problem is that the
Clarksville Companies were not judgment debtors in the judgment.  Reeder was.

            On July 9,
2009, the Clarksville Companies filed suit against the Fry Defendants and
Carroll.  They sought judgment declaring
that the abstract of judgment was invalid and asked for damages for wrongful
filing.[3]  The Clarksville Companies also alleged that
Carroll, by failing to execute a release of lien, was liable for slander of
title under the theory that he ratified Frys actions in filing the invalid
abstract.  On August 20, 2009, Fry filed
a corrected abstract of judgment listing the proper judgment debtor,
Reeder.  

            The suit
against Carroll was severed.  Carroll
filed a no-evidence and traditional motion for summary judgment denying
participation in slander of title by alleging that he did not participate in
the preparation of the abstract of judgment and was not aware of it until
receiving a copy from J. Bennett White, attorney for the Clarksville
Companies.  He also alleged that Fry was
not acting as his agent when she filed the abstract of judgment.  Carroll further stated that he aided in the drafting
of the amended abstract of judgment correcting the mistake, demonstrating that
he did not ratify Frys actions.  The
Clarksville Companies appeal the trial courts take-nothing summary judgment in
favor of Carroll.  Specifically, they
argue that the trial court erred in striking the affidavit of their attorney J.
Bennett White from the summary judgment record and that there is a genuine
issue of material fact as to whether Carroll ratified the filing of the
incorrect abstract of judgment.  We find
that summary judgment was properly granted, and the affidavit properly struck,
due to the Clarksville Companies late-filed response to Carrolls motion for
summary judgment. 

            We employ a
de novo review of the trial courts grant of a summary judgment, which is based
on written pleadings and written evidence. 
Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005); Lamar Corp.
v. City of Longview, 270 S.W.3d 609, 613 (Tex. App.Texarkana 2008, no
pet.); see Tex. R. Civ. P. 166a(c). 
Summary judgment is proper if Carroll established that there was no
genuine issue of material fact and that he was entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); French
v. Gill, 252 S.W.3d 748, 751 (Tex. App.Texarkana 2008, pet. denied); Powers v. Adams, 2 S.W.3d 496, 497 (Tex.
App.Houston [14th Dist.] 1999, no pet.) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985)). 

            Carroll
filed a traditional and no-evidence motion for summary judgment.  During our analysis of the traditional
motion, and in deciding whether there is a disputed material fact issue which
precludes summary judgment, proof favorable to the Clarksville Companies will
be taken as true and every reasonable inference will be indulged in their
favor.  Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311
(Tex. 2002); Nixon, 690 S.W.2d at 54849.
 A no-evidence summary judgment is
essentially a pretrial directed verdict. 
We, therefore, apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict to
determine whether the nonmovant produced any evidence of probative force to
raise a fact issue on the material questions presented.  Wal-Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); Woodruff v. Wright, 51 S.W.3d 727, 734
(Tex. App.Texarkana 2001, pet. denied). 
The Clarksville Companies would defeat a no-evidence summary judgment
motion if they presented more than a scintilla of probative evidence on each
element of their claims.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).

            The trial courts
summary judgment specified no particular ground as supporting the summary
judgment.  When, as is the case here, the
trial court does not set out the grounds on which it ruled, we affirm the
summary judgment if any ground urged in the motion for summary judgment is
meritorious.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

            Except on leave of court, the
adverse party, not later than seven days prior to the day of hearing [on a
motion for summary judgment] may file and serve opposing affidavits or other
written response.  Tex. R. Civ. P. 166a(c); see Alford v. Thornburg, 113 S.W.3d 575,
586 (Tex. App.Texarkana 2003, no pet.) (opposing party must file and serve any opposing affidavits and
response at least seven days before hearing).  A trial court may accept late-filed summary
judgment evidence, but it must affirmatively indicate that it accepted or
considered that evidence.  SP Terrace, L.P. v. Meritage Homes of Tex.,
L.L.C., 334 S.W.3d 275, 28182 (Tex. App.Houston [1st Dist.] 2010, no
pet.) (citing Stephens v. Dolcefino,
126 S.W.3d 120, 13334 (Tex. App.Houston [1st Dist.] 2003), pet. denied, 181 S.W.3d 741 (Tex. Crim.
App. 2005).  If no order in the record
indicates that the court gave leave to file untimely evidence, then we presume
that the trial court did not consider the evidence.  Id. at
282; see Benchmark Bank v. Crowder,
919 S.W.2d 657, 663 (Tex. 1996) (There is no order in this record granting the
Crowders leave to file McCools affidavit late. 
McCools affidavit was not properly before the trial court on the
motions for summary judgment.).

            In this case, Carroll filed the
motion for summary judgment November 1, 2010. 
The Clarksville Companies filed their response to the motion for summary
judgment, attaching Whites affidavit and other documentation, December 13,
2010, the same day that the hearing on the motion for summary judgment was
scheduled and heard.[4]  The record does not contain any request for
leave from the trial court to file the late-filed response, and there is no
order granting, and no other indication that the trial court gave, such
permission.

            An untimely summary judgment
response is not before the trial court and cannot be considered unless leave of
court is sought and granted.  Derouen v. Wal-Mart Stores, Inc., No. 06-06-00087-CV,
2007 WL 188698, at *1 (Tex. App.Texarkana Jan. 26, 2007, no pet.) (mem. op.).

When a defendant files a motion for
a no evidence summary judgment which properly alleges that there is a lack of
evidence supporting one or more specific essential elements of the plaintiffs
cause of action, the trial court must grant the summary judgment unless the
plaintiff timely responds, presenting to the trial court evidence (more than a
scintilla) which raises a genuine issue of fact bearing on the challenged
elements.  Tex. R. Civ. P. 166a(i); City
of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005).

 

Id.  Because the Clarksville Companies failed to comply with the timely
filing requirements of Rule 166a(c) of the Texas Rules of Civil Procedure, and
their tardy response was not permitted by the trial court, the Clarksville
Companies presented no evidence in response to Carrolls no-evidence motion for
summary judgment.  See ODonald ex rel. Estate of ODonald v. Texarkana Meml Hosp.,
No. 06-04-00121-CV, 2005 WL 3191999, at *12 (Tex. App.Texarkana Sept. 28,
2005, pet. denied) (mem. op.) (Because the [Plaintiffs] did not timely respond
to [Defendants] no-evidence summary judgment motion or timely point the trial
court to any summary judgment evidence raising an issue of fact on the
challenged elements, the trial court properly rendered summary judgment in
favor of [Defendant].); Baker v. Gregg
County, 33 S.W.3d 72, 7779 (Tex. App.Texarkana 2000, pet. dismd)
(because evidence was filed late without leave of court, plaintiff presented no
evidence on her claim).  Accordingly, the
trial court properly granted summary judgment to Carroll.

            We affirm the trial courts
judgment. 

 

                                                

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
10, 2011

Date Decided:             September
1, 2011

 

 

 

OPINION ON REHEARING

            Having
overruled appellants motion to supplement the record after the issuance of our
opinion dated September 1, 2011, we now overrule appellants motion for
rehearing for the reasons given in our original opinion.  Even if we had granted the motion to
supplement the record with the Rule 11 agreement,[5]
we would have been constrained to overrule the motion for rehearing since, even
with the Rule 11 agreement, the response to the motion for summary judgment was
filed late and nothing in the record demonstrates that the trial court allowed
the late filing.  See Tex. R. Civ. P. 11.

            We overrule the motion for
rehearing.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date:   October 21,
2011

 

 











[1]The
organizations joining Clarksville Oil and Gas Company, Ltd., in the trial court
action and this appeal are Smith and Coffman, Ltd., COG Management, L.L.C.,
Clarksville Transportation L.L.C., S&C Management, L.L.C., W.R. Diversified
Holdings, L.P., W.R. Diversified Holdings Management L.L.C., and Midway
Armadillo Corporation.

 





[2]The
Twelfth Court of Appeals affirmed, as modified, the trial courts judgment in
the 2004 case.  Petition for review is
pending with the Texas Supreme Court.

 





[3]The
claim alleged that W.R. Diversified Holding, LP, entered into a contract with
Darean, Inc. to sell the stock of Clarksville Oil & Gas for $6,500,000.00
and ten (10) gas stations owned by Smith & Coffman, LTD for $9,820,000.00,
and that the contract was terminated on Dareans discovery of the abstract of
judgment.  It was also claimed that the
abstract of judgment led to a reduction in Clarksville Oil & Gas line of credit
with F&M Bank, and that a loan from Texas Heritage National Bank was
withdrawn.  





[4]Whites
affidavit was dated December 7, six days before the hearing; Carrolls counsel
stated he did not receive the response until December 10, three days before the
hearing.  





[5]See Tex.
R. Civ. P. 11.