

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00358-CR

Perla Judith **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 12-CRS-440
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 8, 2014

AFFIRMED AS MODIFIED

A jury convicted Perla Pena of possession of marihuana in the amount of more than 50 pounds but less than or equal to 2,000 pounds. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). Pena raises four points of error on appeal, arguing (1) the trial court admitted evidence in violation of Texas Rule of Evidence 404(b); (2) the trial court's charge deprived her of a fair trial; (3) the trial court erred by ordering her to serve her sentence for this conviction consecutively to an earlier federal sentence; and (4) she received ineffective assistance of counsel.

**BACKGROUND**

Jesus Diaz, a narcotics investigator with the Starr County District Attorney's Office, received a tip that narcotics were stashed in an apartment in Roma, Texas. When Diaz went to the apartment to investigate, no one responded to his knocking on the door. Diaz smelled a strong odor of marihuana emanating from the apartment, and he called in a canine unit. After the dog alerted outside the door, Diaz obtained a search warrant and entered the apartment. Inside the apartment, he found 140 bundles of marihuana, which he testified weighed 1,886 pounds.

No one was present in the apartment when Diaz executed the warrant. He began to investigate the identity of the apartment's tenant, but matters were complicated by the fact that documents with at least six different male and female names were present in the apartment. Although the rent was paid under the name of Rafael Gonzalez, Diaz eventually concluded that an individual named Perla Pena was the tenant, and he obtained a warrant for her arrest. Four months after the apartment search, he stopped Pena for a traffic violation and arrested her.

**ADMISSION OF EVIDENCE**

Pena argues the trial court erroneously admitted evidence of extraneous bad acts because the State did not provide her with reasonable pretrial notice of its intent to do so.

**A.  Did the trial court err in admitting evidence of extraneous bad acts?**

Rule 404(b) provides that evidence of a defendant's other crimes, wrongs, or acts may be admissible in the State's case-in-chief if the defendant is given reasonable notice in advance of trial of the State's intent to introduce such evidence. TEX. R. EVID. 404(b); *Hernandez v. State*, 176 S.W.3d 821, 822 (Tex. Crim. App. 2005); *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002). "Since the notice requirement of Rule 404(b) is a rule of evidence admissibility, then it is error to admit Rule 404(b) evidence when the State has not complied with the notice provision of Rule 404(b)." *Hernandez*, 176 S.W.3d at 824.

Pena filed a motion for notice of the State's intent to use 404(b) evidence one and one-half months before trial. The State gave its notice the morning of trial. Notice of the State's intent to use 404(b) evidence given on the day of trial is not reasonable notice. *Umoja v. State*, 965 S.W.2d 3, 7 (Tex. App.—Fort Worth 1997, no pet.); *cf. Hernandez v. State*, 914 S.W.2d 226, 234 (Tex. App.—Waco 1996, no pet.) ("We do not believe that a 404(b) response filed on a Friday afternoon is an adequate or reasonable appraisal of extraneous offenses for a trial beginning the following Monday morning.").

In a hearing outside the presence of the jury, the trial court indicated that it would prohibit evidence of Pena's extraneous bad acts due to the State's failure to give reasonable notice. Nevertheless, Pena has identified several instances at trial where she contends 404(b) evidence was erroneously admitted.

- **Evidence from Pena's apartment**

The State introduced into evidence a photograph of two documents found in Pena's apartment during Diaz's search. One of them was a Texas identification card with Pena's photograph, but under the name of Zoraida Rodriguez. The other document was a social security card under the same name. The Texas ID card with Pena's picture on it tended to show Pena was connected to the apartment where the marijuana was found. However, both cards also tended to show Pena was in possession of falsified government documents. The trial court permitted the evidence over Pena's renewed notice objection. The admission of this evidence was erroneous because the State did not give notice until the morning of trial. *See Umoja*, 965 S.W.2d at 7.

- **Evidence about Pena's stop and arrest**

The State questioned Diaz about his traffic stop and arrest of Pena. Diaz testified he stopped Pena because she was not wearing a seatbelt. Diaz also testified that she identified herself as San

Juanita Muniz. Pena did not object to this testimony. Because Pena did not object, she did not preserve any error from its admission. *See* TEX. R. APP. P. 33.1.

- **Evidence of Pena's prior convictions**

During the punishment stage of the trial, the State elicited testimony from Pena that she had been convicted of several offenses in state and federal courts. The State introduced judgments for each conviction. Pena did not object to the State's questioning and affirmatively stated "no objection" to the introduction of each judgment into evidence. Because Pena did not object, she did not preserve any error from its admission. *See* TEX. R. APP. P. 33.1. Moreover, the State did not introduce evidence of Pena's convictions during its case-in-chief; rather, the State introduced the prior convictions when it cross-examined Pena to rebut the mitigating evidence she offered in the punishment phase. Under these circumstances, the State was not required to give notice to Pena before introducing her prior convictions. *See Jaubert*, 74 S.W.3d at 4 (holding counsel could not be ineffective for failing to object to 404(b) evidence on the basis of a lack of notice because the evidence was introduced on the State's cross-examination of a defense witness and from rebuttal witnesses and thus Rule 404(b)'s notice requirement did not apply to that evidence).

**B. Was the trial court's error in admitting some extraneous bad acts harmful?**

To determine whether the trial court's admission of evidence in violation of Rule 404(b)'s notice provision requires reversal, we apply a non-constitutional error harm standard. *Hernandez*, 176 S.W.3d at 824. Under this standard, the trial court's error must be disregarded unless it affected Pena's substantial rights. TEX. R. APP. P. 44.2(b); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Hernandez*, 176 S.W.3d at 824. We will not reverse if, after examining the record as whole, we have fair assurance that the error did not

influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

When Rule 404(b)'s procedural notice provision has been violated, we may consider in the harm analysis whether the evidence would have been substantively admissible had the State provided the required notice. *Hernandez*, 176 S.W.3d at 825. If substantively admissible 404(b) evidence is admitted in violation of the rule's notice provision, the trial court's error in admitting the evidence cannot be "injurious" if the defendant was not surprised by the evidence. *Id.*

The State argued at trial the Texas ID card with Pena's photograph was relevant for a purpose other than proving character conformity because it showed she was connected to the apartment and thus had possession of the marihuana in it. We agree the Texas ID card was relevant for a purpose other than character conformity. The district attorney's office has an open-file policy, and Pena's counsel acknowledged that he had seen documents like the Texas ID card in the State's file prior to trial. We conclude the admission of the Texas ID card did not affect Pena's substantial rights because it was substantively admissible and she was not surprised by the evidence.

However, the social security card that was admitted along with the Texas ID card was not substantively admissible because it did not have a photograph of Pena on it. Instead, it only had the same alias as the one on the Texas ID card. The only mention of the social security card occurred when the cards were first introduced. Thereafter, the State only referred to the Texas ID card. In the context of the overall record, we cannot conclude the social security card's admission had a substantial or injurious effect on the jury's verdict.

## JURY CHARGE

Pena complains the jury charge contained error because (1) it did not instruct the jury on both the statutory definition of "marihuana" and on the statutory exclusions from the definition of marihuana; and (2) it did not contain a limiting instruction that the jury could not consider any

evidence of extraneous bad acts unless it believed Pena had committed them beyond a reasonable doubt.

- **Instruction on the definition of marihuana**

The Health and Safety Code defines "marihuana" as "the plant Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant or its seeds." TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (West Supp. 2014). The Code specifically excludes "(A) the resin extracted from a part of the plant or a compound, manufacture, salt, derivative, mixture, or preparation of the resin; (B) the mature stalks of the plant or fiber produced from the stalks; (C) oil or cake made from the seeds of the plant; (D) a compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, fiber, oil, or cake; or (E) the sterilized seeds of the plant that are incapable of beginning germination." *Id.* The trial court's jury charge did not instruct the jury on the definition of marijuana or on the statutory exclusions.

The trial court is required to instruct the jury on each statutory definition that affects the meaning of an element of the offense. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009). Marihuana has a statutory definition, and whether a particular substance is marihuana is an integral element of the offense of possession of marihuana. Therefore, the omission of marihuana's definition from the charge was error. *See Hudson v. State*, 179 S.W.3d 731, 739–40 (Tex. App.— Houston [14th Dist.] 2005, no pet.) (holding trial court erred by failing to include statutory definitions of the terms "consanguinity" and "affinity" in prosecution for assault on a family member).

The trial court did not err, however, in omitting an instruction on the statutory exclusions from the definition of marihuana. Before a defendant may request an instruction that certain materials are not included in the definition of marihuana, she must put on evidence that the

substances alleged by the State to be marihuana contained material excluded by the statute. *Elkins v. State*, 543 S.W.2d 648, 650 (Tex. Crim. App. 1976); *Johnjock v. State*, 763 S.W.2d 918, 920 (Tex. App.—Texarkana 1989, pet. ref'd). Pena did not present any evidence that the bundles of marihuana found in her apartment contained any material excluded from the definition of marihuana. Thus, even if Pena had requested a special instruction on the statutory exclusions from marihuana, she would not have been entitled to the instruction. *See Elkins*, 543 S.W.3d at 650.

Because Pena did not object to the trial court's failure to define marihuana in its charge, we may reverse her conviction only if she suffered egregious harm from that omission. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). "Errors that result in actual, egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo*, 175 S.W.3d at 750.

At trial, Pena's defensive strategy was to show that she did not intentionally or knowingly possess the marihuana. There was never a suggestion in evidence or in argument that the bundles seized from Pena's apartment contained any substance other than marihuana. Therefore, the trial court's failure to instruct the jury on the definition of marijuana did not affect the very basis of the case against Pena, deprive her of a valuable right, or vitally affect her defensive theory of the case. We hold the omission of the definition of marihuana from the jury charge did not result in egregious harm to Pena. *See Hudson*, 179 S.W.2d at 740 (holding omission of statutory definitions of "common-law marriage," "consanguinity," and "affinity" from jury charge did not constitute egregious harm).

- **Limiting instruction**

When 404(b) evidence is admitted at trial, the court must, if the defendant requests, give a limiting instruction to the jury that they may not consider such evidence unless they believe beyond

a reasonable doubt the defendant committed those acts. *Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001). The trial court must also submit a limiting instruction in the jury charge. *Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001). However, if no instruction is given at the time of the evidence's admission, the trial court should not submit a limiting instruction in its charge. *Id.* Pena did not request a limiting instruction when 404(b) evidence was admitted. The trial court had no obligation to submit a limiting instruction in its charge. *See id.*

### SENTENCING

Pena contends the trial court erred when it ordered her to serve her sentence for this conviction consecutively to a federal sentence. The federal sentence was imposed pursuant to her conviction for being found in the United States after she had previously been deported. *See* 8 U.S.C. § 1326. The State concedes Pena's point of error has merit and should be sustained. Accordingly, we modify the trial court's judgment to delete the consecutive sentencing order.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In her final point of error, Pena argues her counsel provided ineffective assistance of counsel in violation of the Sixth Amendment. To prevail on her claim, Pena must show by a preponderance of the evidence 1) that her trial counsel's performance was deficient and 2) that her counsel's deficient performance prejudiced Pena's defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833.

Pena has identified five alleged deficiencies in her counsel's performance.

*First*. One of the witnesses at trial required an interpreter to translate to and from Spanish. Pena complains her counsel was ineffective because the interpreter did not take an oath or affirmation prior to translating testimony as required by the rules of evidence and her counsel did not request that the interpreter be asked to do so. *See* TEX. R. EVID. 604. The record does not reflect why her counsel did not make such a request, and Pena does not explain how his lack of such a request prejudiced her defense.

*Second*. When the State rested after presenting its evidence, Pena's counsel moved for a directed verdict of acquittal on the ground that the State had not offered any evidence of Pena's intent or knowledge. Pena complains her counsel was ineffective because he did not also ask for a directed verdict on the ground that none of the marijuana seized from the apartment had been admitted into evidence. Pena offers no argument or authority to explain why she would have been entitled to a directed verdict on that ground, and the record does not indicate her counsel's reasons for not doing so.

*Third.* Pena complains her counsel was ineffective because he did not object to the jury charge on the basis that it failed to conform to the indictment. Pena does not explain how the jury charge may have failed to conform to the indictment, and any such deficiency is not self-evident from the record.

*Fourth.* Pena complains her counsel was ineffective because, although he objected to the admission of 404(b) evidence, he did not request a limiting instruction from the trial court on the occasions when such evidence was nevertheless admitted. His failure to request limiting instructions in the guilt/innocence phase may support a finding of deficient performance. *See Ex parte Varelas*, 45 S.W.3d at 632.

*Fifth*. Pena complains her trial counsel was ineffective because he did not object at the punishment phase when the State introduced evidence Pena had been convicted in federal court of a crime that occurred after the date of the possession charge. She cites only to *Diremiggio v. State* as authority that the conviction should not have been admitted. 637 S.W.2d 926 (Tex. Crim. App. 1982). That case dealt with the State's burden to prove a prior offense for enhancement purposes, and is not applicable to Pena's case. Pena has not shown the evidence was inadmissible.

Pena has identified one ground upon which her trial counsel could arguably be found to have performed below an objectively reasonable level of representation. The record is silent on the reasons why Pena's counsel did not request an instruction. We conclude Pena has not overcome the presumption that her counsel's conduct was reasonable and professional without her counsel being given the chance to explain his acts or omissions. *See Ex parte Varelas*, 45 S.W.3d at 632.

### CONCLUSION

We modify the trial court's judgment to delete the requirement that Pena serve her state sentence consecutively to her federal sentence, and affirm the trial court's judgment as modified.

Luz Elena D. Chapa, Justice

Do Not Publish