Robert L. LUNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 50286.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

R. Roscoe Haley, Austin, for appellant.

Joe Carroll, Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON MOTION TO REINSTATE APPEAL

DOUGLAS, Judge.

The appeal was previously abated because the "frivolous appeal" brief filed by appointed counsel for appellant did not contain an evaluation of the record demonstrating why there are no arguable grounds to be advanced.

A supplemental record has been forwarded to this Court. It will be treated as a motion to reinstate the appeal.

After the cause was abated, appellant, by virtue of a bench warrant, was taken from the Texas Department of Corrections to the trial court and advised of his right to file a brief in his behalf. His counsel was not present.

No pro se brief has been filed. Still no brief has been filed by appointed counsel evaluating the record and demonstrating why there are no arguable grounds to be advanced.

When the appellant was advised of his right to file a brief the trial judge stated: "I couldn't even notify him (counsel) to be here, but I assume that he is going to do all he is going to do in this thing. . . ."

Under the decision of the Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and this Court in *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr. App.1969), more is required. The trial court, after this cause was abated, had control of the cause. He also had authority to require the appointed attorney to file an additional brief in compliance with *Anders v. California*, supra, and *Gainous v. State*, supra.

The appeal is again abated so that this will be done.