**Nathan Andrew KNIATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00199–CR.**

Court of Appeals of Texas,
Waco.

April 9, 2008.

Richard S. Gladden, Denton, for appellant.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION ON REHEARING

PER CURIAM.

In our December 5, 2007 abatement order on Appellant's motion for rehearing, we abated this appeal and remanded the cause to the trial court for a new hearing

on Appellant's motion to recuse the Honorable Gene Knize. *Kniatt v. State*, 239 S.W.3d 910 (Tex.App.-Waco 2007, order).

On January 2, 2008, Senior District Judge John Nelms, the judge assigned to conduct the hearing, heard Appellant's motion and entered an order recusing Judge Knize. An order granting a motion to recuse is not reviewable. *See* TEX.R. CIV. P. 18a(f).

As a result of the recusal of Judge Knize, we vacate his June 19, 2003 order denying Appellant's application for writ of habeas corpus on the voluntariness of Appellant's guilty plea. Another judge must be assigned to hear the application. *See* TEX.R. CIV. P. 18a(f). We remand this cause for further proceedings.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting on remand.

The majority's opinion demonstrates the problem of changing the rules after the issue has already been decided by the trial court under a standard that was never challenged by the party now benefiting from a subsequent change in the standard. I thought the complaining party had to raise the issue with the trial court and pursue the argument for a change all the way through to a successful announcement of a change in the standard, rather than have an intermediate court announce a new standard on its own. In this proceeding, in which that new standard was announced, the majority also contends that the application of the new standard has led to a decision that cannot be reviewed.

Seven years ago, Kniatt was in possession of methamphetamine. By the end of 2001, he had pled guilty and was placed on community supervision—deferred adjudication. The State filed a motion to adjudicate Kniatt guilty—basically to revoke his community supervision and sentence him to prison because he had failed to comply with the conditions to which he had agreed to obtain community supervision. Kniatt responded by filing a pre-conviction petition for writ of habeas corpus challenging the voluntariness of Kniatt's original plea. A motion to recuse was then filed by Kniatt to keep the elected trial court judge that accepted Kniatt's plea from hearing the motion to adjudicate and the pre-conviction application for a writ of habeas corpus.

A majority of this Court determined that the trial court abused its discretion in determining Kniatt's plea was voluntary and that this Court did not need to decide whether the assigned judge who decided the motion to recuse had erred in deciding the motion to recuse and thus not ordering the elected trial judge recused. *Kniatt v. State*, 157 S.W.3d 83 (Tex.App.-Waco 2005) The State sought and obtained review of the ruling of this Court that the trial court abused its discretion in holding that the plea was not voluntary. Kniatt did not seek review of the determination of whether the decision on the recusal issue was subject to a review.

The Court of Criminal Appeals disagreed with the majority and determined the trial court did not abuse its discretion in deciding the plea was voluntary. *Kniatt v. State*, 206 S.W.3d 657 (Tex.Crim.App. 2006). The Court of Criminal Appeals thus remanded the proceeding to this Court for us to decide the issue which the majority had skipped over and which Kniatt did not complain about the majority skipping—whether the assigned judge had erred in deciding the recusal motion. *Id.* at 665.

On remand, a unanimous Tenth Court of Appeals, applying existing precedent, determined the assigned judge had not erred in deciding the motion to recuse the elect-

ed judge. *Kniatt v. State,* No. 10–03–00199–CR, 2007 WL 1880475, 2007 Tex. App. LEXIS 5141 (Tex.App.-Waco June 27, 2007, *withdrawn* ). Kniatt filed a motion for rehearing. A majority of this Court then determined that, although the assigned judge had used the standard for recusal that was applicable at the time, that standard was incorrect and the majority then proceeded to announce a .new standard. *Kniatt v. State,* 239 S.W.3d 910 (Tex.App.-Waco 2007, order). The argument that the standard was wrong was not presented to the trial court making the recusal determination, to this Court on original submission, or this Court in the original briefing on remand. But based on its newly announced standard, a majority of the Court next determined the assigned judge had erred in deciding the motion to recuse the elected trial judge (keep in mind that his error was that he failed to apply a standard that was not raised, presented, argued, or announced until several years after he made his decision) and abated the proceeding for the assigned judge to reconsider the recusal issue under the new standard. *See id.* It was now well over four years after the assigned judge had decided the recusal motion and that assigned judge had died.

The regional administrative judge assigned a new judge who decided on January 2, 2008, under the majority's newly announced standard, that the elected judge should be "recused from the above-entitled and numbered cause."

The majority has now opined that the order granting the motion to recuse is not reviewable and that the order signed by the elected trial court judge denying Kniatt's application for writ of habeas corpus on the voluntariness of Kniatt's guilty plea must be vacated, apparently because they believe it to be void, though they give

no legal support or analysis for vacating the order.

At this juncture it is also important to note that with the benefit of the majority's prior comments on the issue, Kniatt took the opportunity to add some additional evidence in support of his motion to recuse when the proceeding was abated for a new hearing in front of a new judge. Thus the trial court is being recused based upon evidence that was not before the court when the prior court denied the recusal motion. After the prior hearing the trial court proceeded to hear the motion to adjudicate because he had not been recused. There was no pending motion to recuse at the time that he made his ruling, a ruling which has now already been appealed and affirmed.

So after the majority skipped over the issue the first time, first affirmed the decision on remand, then withdrew that opinion and announced a new standard, and then "abated" the proceeding for a determination under its newly announced standard, and after the trial court for the hearing on abatement received additional evidence, it seems that maybe it really was an issue that needed to be reviewed *before* we reviewed the merits of the issue being decided by the elected trial court judge. But Kniatt did not complain or make that argument to the Court of Criminal Appeals or this Court. Nevertheless, he now enjoys the benefit as if he had prevailed on that argument. The problem in not following traditional concepts of error preservation, adoption of new standards, and the application of that new standard allows the majority to announce that the trial court's decision is not reviewable. I believe the correctness of the procedure and standard is, however, reviewable.

But while the order of recusal may not be reviewable as such, I question if, no, I seriously doubt that this means that the

issue of whether the new standard announced by the majority and applied by the assigned judge is the proper standard is not reviewable. I believe that it is. This is similar to a landmark case in which it was decided that while the Texas Supreme Court may not have jurisdiction to conduct a factual sufficiency review, the Texas Supreme Court, nevertheless, has jurisdiction to determine whether the proper standard of review was used in the court of appeals's factual sufficiency review. *See In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *see also Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–635 (Tex.1986). The Court of Criminal Appeals has likewise acknowledged the need to review an intermediate appellate court's procedure and standard applied even in areas where the Court did not otherwise have jurisdiction. *See Roberts v. State,* 221 S.W.3d 659, 662–663 (Tex. Crim.App.2007).

For the foregoing reasons I respectfully dissent to the opinion on rehearing [on remand].