NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ERNEST BENL MCINTYRE
Petitioner, Appellant

V.

THE STATE OF TEXAS
Appellee

---

On Petition for Discretionary Review

from the Third Appellate District of

Texas, in Appeal No. 03-12-00508-CR

and the 27th Judicial District of

Bell County in Trial No. 66893.

---

**PETITION FOR DISCRETIONARY REVIEW**

---

ORAL ARGUMENT
NOT REQUESTED

ERNEST BENL MCINTYRE
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146

PETITIONER, APPELLANT PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 08 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JAN 16 2015

Abel Acosta, Clerk

## IDENTITY OF JUDGE, PARTIES & COUNSEL

Ernest Benl McIntyre
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146
Petitioner, Appellant pro se

James Hewitt
200 E. Central Ave., Ste.100
Belton, Tx. 76513
Trial Counsel For Petitioner
(Plea)

Tim Copeland
930 S. Bell Blvd.,Ste.408
Cedar Park, Tx. 78613
Appellate Counsel for Petitioner

Bob Odom
Asst.Dist.Attorney
P.O. Box 540
Belton, Tx. 76513
Appellate Counsel for State

Judge Joe Carroll
27th Judicial District
Bell County, Texas
Trial Judge (Retired)

Anthony Smith
18 S. Main St.,Ste.814
Temple, Tx. 76501
Trial Counsel for Petitioner
(Sentencing)

Paul & Leslie McWilliams
Asst.Dist.Attorneys
P.O. Box 540
Belton, Tx. 75613
Trial Counsel for State

i

| ITEM | TABLE OF CONTENTS | PAGE |
|------|-------------------|------|

Identity of Judge, Parties & Counsel................................................i

Table of Contents.................................................................ii

Index of Authorities.............................................................iii

Statement Regarding Oral Argument.................................................iv

Statement of the Case.............................................................iv

Statement of Procedural History.................................................iv-v

**GROUNDS FOR REVIEW**

**GROUND ONE**

THE COURT OF APPEALS ERRED IN APPLYING A HIGHTENED STANDARD OF REVIEW WHEN IT CONDUCTED AN OUTCOME DETERMINATIVE TEST CONCLUDING THAT "WE HAVE REVIEWED THE RECORD AND FIND NO REVERSIBLE ERROR," RATHER THAN APPLY THE CORRECT STANDARD OF REVIEW ARTICULATED IN ANDERS V. CALIFORNIA, THAT AN APPEAL BE DEEMED "WHOLLY FRIVOLOUS" TO SUPPORT COURT APPOINTED APPELLATE COUNSEL'S MOTION TO WITHDRAW...................................1-4

**GROUND TWO**

THE COURT OF APPEALS ERRED WHEN IT ALLOWED COURT APPOINTED APPELLATE COUNSEL TO WITHDRAW WHERE ANDERS BRIEF FAILED TO DRAW ATTENTION TO POTENTIAL ERRORS IN THE RECORD.....................................................................5-19

**GROUND THREE**

THE COURT OF APPEALS ERRED WHEN IT CONCLUDED THAT THE RECORD CONTAINS NO ARGUABLE BASES FOR APPEAL....................................................................5-19

Prayer...........................................................................19

Certificate of Service...........................................................20

**APPENDIX**

EXHIBIT A - Memorandum Opinion

EXHIBIT B - Close up photos of suspect computer

EXHIBIT C - Close up photos of suspect monitor

EXHIBIT D - Photos of mass array of computer parts

**CASE**                                    INDEX OF AUTHORITIES                                    **PAGE**

Anders v. California, 386 U.S. 738 (1967)...........................iv,1,3,4,5,6,12,19

Arnold v. State, 853 SW 2d 543 (Tex.Crim.App.1993)...........................17

Banks v. State, 341 SW 3d 428 (Tex.App.-Houston [1st Dist] 2009, no pet)...............6

Beck v. State, 682 SW 2d 550 (Tex.Crim.App.1985)...........................9

Black's Law Dictionary 9th Edition 2009...........................3,19

Bledsoe v. State, 178 SW 3d 824 (Tex.Crim.App.2005)...........................4,18

Brady v. Maryland, 373 U.S. 83 (1963)...........................12,14

Cook v. State, 902 SW 2d 471 (Tex.Crim.App.1995)...........................8

Cross v. State, 489 SW 2d 572 (Tex.Crim.App.1973)...........................2

Currie v. State, 516 SW 2d 684 (Tex.Crim.App.1974)...........................1,2,4

Durham v. State, 557 SW 2d 526 (Tex.Crim.App.1977)...........................2

Eastep v. State, 941 SW 2d 130 (Tex.Crim.App.1997)...........................8

Felton, Ex Parte, 815 SW 2d 733 (Tex.Crim.App.1991)...........................15

Gainous v. State, 436 SW 2d 137 (Tex.Crim.App.1969)...........................iv,1,2,4,5

Garner v. State, 300 SW 3d 763 (Tex.Crim.App.2009)...........................4

Guzman v. State, 23 SW 3d 381 (Tex.App.-Houston [1st Dist] 1999, no pet)...............2

High v. State, 573 SW 2d 807 (Tex.Crim.App.1978)...........................1,2,4,5,6

Hill v. Lockhart, 474 U.S. 52 (1985)...........................13

Kniatt v. State, 239 SW 3d 910 (Tex.App.-Waco 2007, on rehearing, 255 SW 3d 311, pet. ref'd)...........................17

Kyles v. Whitley, 514 U.S. 419 (1995)...........................12

Lewis, Ex Parte, 587 SW 2d 697 (Tex.Crim.App.1979)...........................12,13,14

Luna v. State, 527 SW 2d 548 (Tex.Crim.App.1975)...........................2

McCoy v. C.O.A. of Wisconsin, Dist. 1, 486 U.S. 429 (1988)...........................2

McLeod v. Harris, 582 SW 2d 772 (Tex.1979)...........................18

McManus v. State, 591 SW 2d 505 (Tex.Crim.App.1979)...........................9

Miles v. State, 204 SW 3d 822 (Tex.Crim.App.2006)...........................15

Mowbray, Ex Parte, 943 SW 2d 461 (Tex.Crim.App.1996)...........................12

North Carolina v. Alford, 400 U.S. 25 (1970)...........................13

Riney v. State, 28 SW 3d 561 (Tex.Crim.App.2000)...........................8

| CASE | INDEX OF AUTHORITIES CONTINUED | PAGE |
|------|-------------------------------|------|

Roberson v. State, 617 SW 2d 708 (Tex.Crim.App.1981)..................................2

Schulman, In Re, 252 SW 3d 403 (Tex.Crim.App.2008)..............................6,13,19

Scott v. State, 543 SW 2d 128 (Tex.Crim.App.1976)....................................2

Sommers v. Concepcion, 20 SW 3d 27 (Tex.App.-Houston [14th Dist] 2000, pet.denied)....17

Stafford v. State, 813 SW 2d 503 (Tex.Crim.App.1991)................................12

Stephens v. State, 35 SW 3d 770 (Tex.App.-Houston [1st Dist] 2000, no pet).............2

Strickland v. Washington, 104 S.CT. 2052 (1984)...................................15,18

Studer v. State, 799 SW 2d 263 (Tex.Crim.App.1990)...................................9

United States v. Chronic, 104 S.CT. 2039 (1984).....................................15

Vineyard v. State, 958 SW 2d 834 (Tex.Crim.App.1998)................................8

Wilson v. State, 976 SW 2d 254 (Tex.App.-Waco 1998, no pet)..........................4

Wilson v. State, 40 SW 3d 192 (Tex.App.-Texarkana 2001, no pet).....................2,4

Wyatt v. State, 23 SW 3d 18 (Tex.Crim.App.2000)....................................14

## STATUTES

Tex. R. Civ. Proc. Rule 18b (b)(1) & (b)(2)........................17

Tex. Code of Crim. Proc. Art. 1.14(b)..............................9

Tex. Penal Code § 43.26...........................................iv

## STATEMENT REGARDING ORAL ARGUMENT

The applicable law is unambiguous, and the analysis required to properly apply the law to the facts is not complicated. Consequently, Petitioner does not believe that oral argument would substantially aid the Court. Therefore, oral argument is waived.

## STATEMENT OF THE CASE

On Febuary 16, 2012, Petitioner entered an open plea of guilty to the trial court to the third degree felony offense of possession of child pornography. (RR.3,p.4, and see TEX.PENAL CODE § 43.26). On July 11, 2012, after preparation of a pre-sentence investigative report and after hearing evidence and argument of counsel, the trial court assessed a sentence of nine years cinfinement. (RR.5,p.64). Petitioner was also ordered to register for life as a sex offender. (RR.3,p.8).

## STATEMENT OF PROCEDURAL HISTORY

Court appointed appellate counsel, Tim Copeland, filed a motion to withdraw from the appeal supported by an ANDERS brief. See ANDERS V. CALIFORNIA, 386 U.S. 738 (1967); GAINOUS V. STATE, 436 SW 2d 137 (Tex.Crim.App.1969). In a Memorandum Opinion, the Third District Court of Appeals affirmed Petitioner's conviction

iv

and sentence and granted court appointed appellate counsel's motion to withdraw on June 4, 2014. **See EXHIBIT A.** After two extensions of time were granted, Petitioner filed a motion for rehearing en banc in the Third Court of Appeals which was overrulled on October 10, 2014. After one extension of time was granted, this petition for discretionary review follows.

## GROUNDS FOR REVIEW

### GROUND NO. ONE

THE COURT OF APPEALS ERRED IN APPLYING A HIGHTENED STANDARD OF REVIEW WHEN IT CONDUCTED AN OUTCOME DETERMINATIVE TEST CONCLUDING THAT "WE HAVE REVIEWED THE RECORD AND FIND NO REVERSIBLE ERROR," RATHER THAN APPLY THE CORRECT STANDARD OF REVIEW ARTICULATED IN ANDERS V. CALIFORNIA, THAT AN APPEAL BE DEEMED "WHOLLY FRIVOLOUS" TO SUPPORT COURT APPOINTED APPELLATE COUNSEL'S MOTION TO WITHDRAW.

### GROUND NO. TWO

THE COURT OF APPEALS ERRED WHEN IT ALLOWED COURT APPOINTED APPELLATE COUNSEL TO WITHDRAW WHERE ANDERS BRIEF FAILED TO DRAW ATTENTION TO POTENTIAL ERRORS IN THE RECORD.

### GROUND NO. THREE

THE COURT OF APPEALS ERRED WHEN IT CONCLUDED THAT THE RECORD CONTAINS NO ARGUABLE BASES FOR APPEAL.

V

## ARGUMENT

### GROUND NO. ONE

THE COURT OF APPEALS ERRED IN APPLYING A HIGHTEND STANDARD OF REVIEW WHEN IT CONDUCTED AN OUTCOME DETERMINATIVE TEST CONCLUDING THAT, "WE HAVE REVIEWED THE RECORD AND FIND NO REVERSIBLE ERROR," RATHER THAN APPLY THE CORRECT STANDARD OF REVIEW ARTICULATED IN ANDERS V. CALIFORNIA, THAT AN APPEAL BE DEEMED "WHOLLY FRIVOLOUS" TO SUPPORT COURT APPOINTED APPELLATE COUNSEL'S MOTION TO WITHDRAW.

Petitioner contends that the court of appeals decision issued on June 4, 2014, conflicts with the decisions of the U.S. Supreme Court and the Texas Court of Criminal Appeals as articulated in ANDERS V. CALIFORNIA, 386 U.S. 738 (1967); GAINOUS V. STATE, 436 SW 2d 137 (Tex.Crim.App.1969), CURRIE V. STATE, 516 SW 2d 684 (Tex. Crim.App.1974) and HIGH V. STATE, 573 SW 2d 807 (Tex.Crim.App.1978), and that this Court is called upon to (1) exercise its supervisory authority, and; (2) decide an important question of state or federal law that has not been, but should be, settled by this Court. Specifically, the court of appeals conducted an outcome determinative test concluding that it found no reversible error and thereafter granted court appointed appellate counsel's motion to withdraw.

In **ANDERS,** the U.S. Supreme Court articulated that a court appointed appellate attorney, after a FULL examination of the record, may withdraw ONLY if he/she finds that an appeal is "wholly frivolous." **See ANDERS, 386 U.S. at 744.** Likewise, and in conformity with ANDERS, this Court has applied the same standard

1

of review in GAINOUS, CURRIE AND HIGH, that an appeal must be deemed "wholly frivolous" to support a motion to withdraw. **See GAINOUS, 436 SW 2d 137; CURRIE, 516 SW 2d 684 and HIGH, 573 SW 2d 807.** The decisions of the Supreme Court in ANDERS and the Court of Criminal Appeals in GAINOUS, CURRIE and HIGH, are all silent as to any application of a standard of review that requires the reviewing court to review the record for "reversible error" before allowing a court appointed appellate attorney to withdraw.

This Court itself has omitted the use of this standard of review for a number of years in other cases besides GAINOUS, CURRIE and HIGH. **See CROSS V. STATE, 489 SW 2d 572 (Tex.Crim.App.1973); LUNA V. STATE, 527 SW 2d 548 (Tex.Crim.App.1975); SCOTT V. STATE, 543 SW 2d 128 (Tex.Crim.App.1976); DURHAM V. STATE, 557 SW 2d 526 (Tex.Crim.App.1977) and ROBERSON V. STATE, 617 SW 2d 708 (Tex.Crim. App.1981); See also McCOY V. COURT OF APPEALS OF WISCONSIN, DIST. 1, 486 U.S. 429 (1988); GUZMAN V. STATE, 23 SW 3d 381 (Tex.App.- Houston [1st Dist] 1999, no pet.); STEPHENS V. STATE, 35 SW 3d 770 (Tex.App.-Houston [1st Dist] 2000, no pet.) and WILSON V. STATE, 40 SW 3d 192 (Tex.App.-Texarkana 2001, no pet.).** It would stand to reason that the application of this standard of review which requires a reviewing court to review the record for "reversible error" was omitted from these opinions for good reason; that reason being that in reviewing the record to determine whether an appeal contains "reversible error" calls for a different result than

2

reviewing the record to determine whether an appeal is "wholly frivolous."

The word "wholly", is defined as "not partially; fully; completely." "Frivolous," is defined as "lacking a legal bases or legal merit; not serious; not reasonably purposeful." **See BLACK'S LAW DICTIONARY, NINTH EDITION 2009.** This would indicate that the Supreme Court in ANDERS intended an appeal to be deemed fully, completely and absolutely frivolous to support a court appointed appellate attorney's motion to withdraw. On the other hand, "reversible error" is defined as, "an error that affects a party's substantive rights or the case's outcome, and thus is grounds for reversal if a party properly objected at trial." **Id.** Therefore, reviewing the record to determine whether it contains "reversible error" has the same effect as denying an appellate brief on the merits when in fact no such brief has been prepared by skilled counsel, which further denies Petitioner his right to counsel on appeal; the same right that is afforded to other defendants who have the financial means to hire appellate counsel. This is in conflict with the Supreme Court's holding in ANDERS. The Court's primary concern in ANDERS was to provide framework that would guarantee an indigent appellant the same rights and diligence on appeal that are afforded one who is financially able to retain his/her own attorney. **See ANDERS, 386 U.S. 738 generally.**

At least two courts of appeals have concluded that "...the

3

appellate court need not be able to say with certainty that [an] appeal has merit, the appellate court need only say that [an] issue warrants further developement by counsel on appeal." **See WILSON V. STATE, 40 SW 3d at 200; and WILSON V. STATE, 976 SW 2d 254,257 n4 (Tex.App.-Waco 1998,no pet.).** This would indicate that these two courts of appeals have recognized a difference in the standard of review as to whether the record contains "reversible error" versus whether an appeal is "wholly frivolous," as required by ANDERS to permit court appointed appellate counsel to withdraw from an indigent's appeal; a fact that may have been overlooked by this Court in **GARNER V. STATE, 300 SW 3d 763 (Tex.Crim.App.2009),** which is the opinion relied upon by the court of appeals in the present appeal. **See also BLEDSOE V. STATE, 178 SW 3d 824,825 (Tex. Crim.App.2005).**

Accordingly, this Court is called upon to determine (1) whether the court of appeals subjected Petitioner to a hightened standard of review in concluding that it "finds no reversible error," and, if so, (2) does this hightened standard of review conflict with the Supreme Court's holding in ANDERS and this Court's application of ANDERS in GAINOUS, CURRIE and HIGH, that an appeal be deemed "wholly frivolous" to support a motion to withdraw by court appointed counsel on appeal.

4

## GROUND NO. TWO

THE COURT OF APPEALS ERRED WHEN IT ALLOWED COURT APPOINTED APPELLATE COUNSEL TO WITHDRAW WHERE ANDERS BRIEF FAILED TO DRAW ATTENTION TO POTENTIAL ERRORS IN THE RECORD.

## GROUND NO. THREE

THE COURT OF APPEALS ERRED WHEN IT CONCLUDED THAT THE RECORD CONTAINS NO ARGUABLE BASES FOR APPEAL.

To avoid unnecessary duplication grounds two & three are argued together.

The U.S. Supreme Court has determined that a court appointed appellate attorney who represents an indigent defendant on first appeal, may withdraw from from such appeal ONLY if he/she determines that the appeal is "wholly frivolous," i.e., that there are no arguable points of error to advance on appeal. See ANDERS V. CALIFORNIA, 386 U.S. 738, 87 S.CT. 1396, L.Ed.2d 493 (1967); GAINOUS V. STATE, 436 SW 2d 137 (Tex.Crim.App.1969). Should this occur, counsel is required to discuss in his brief, the evidence adduced at trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court, or anything that "might" arguably support the appeal. See HIGH V. STATE, 573 SW 2d 807,

5

810-813 (Tex.Crim.App.1978). Thereafter, the court of appeals is required to thoroughly review the record, INCLUDING MATTERS NOT DISCUSSED IN THE BRIEF, to determine whether the appeal is "wholly frivolous." **Id at 811.** If the court of appeals determines that counsel did not address a potential ground for appeal, and the court of appeals believes that the ground for appeal meets the low threshold for disclosure in counsel's ANDERS brief, the court "will (1) grant counsel's motion to withdraw, and; (2) abate the appeal and remand to the trial court for appointment of new appellate counsel with directions to file a merits brief." See **BANKS V. STATE,** 341 SW 3d 428,431 (Tex.App.-Houston [1st Dist] 2009, no pet.) citing **IN RE SCHULMAN,** 252 SW 3d 403,409 (Tex.Crim.App.2008). Petitioner contends that (1) the issues presented herein meet the low threshold for disclosure in counsel's ANDERS brief but were not included and counsel did not explain why these issues should not be briefed on appeal, violating the requirements of **ANDERS and HIGH,** (2) that the court of appeals erred in allowing counsel to withdraw without discussing the following issues in his ANDERS brief, and; (3) that the court of appeals further erred in concluding that the following issues should not be briefed by counsel on appeal.

## DEFECTIVE INDICTMENT

Petitioner was indicted for possession of child pornography pursuant to Penal Code § 43.26. The indictment states in pertinent

6

part:

> ..."did then and there intentionally and knowingly posses visual material that visually depicted, and which the defendant knew visually depicted **A CHILD WHO** was younger than 18 years of age at the time <u>THE IMAGE</u> of <u>THE CHILD</u> was made, engaging in sexual conduct, to-wit: actual sexual intercourse."

**(CR-4)**. It was to this indictment and ONLY to this indictment that Petitioner entered an open plea of guilty on Febuary 16, 2012. **(RR.3,p.4 & 6)**. The State then entered Petitioner's Judicial Confession without objection, identified as State's 1, which tracked the language of the indictment verbatim. **(RR.3,p.9)(CR-46)**. Nothing in the record heretofore indicates that Petitioner was being charged with, or had entered an open plea of guilty to, anything more than one photograph depicting one child engaging in sexual intercourse. However, during sentencing held July 11, 2012, the State produced evidence that Petitioner was on trial for possessing seven different images and four series of child pornography which consisted of an unknown number of images because testimony from Detective Gary Richards indicates that a "series" means that it could be ten photos or it could be one hundred photos of any one particular child. **(RR.5,p.21)**. These images were admitted into evidence without objection and were identified as State's 3. **(RR.5,p.34)**. The Index of Exhibits identifies State's 3 as a "Large number of images taken from E. McIntyre's computer." **(RR.5,p.4)**. These images were all identified by the National

7

Center for Missing and Exploited Children to be actual items of child pornography. (RR.5,p.20-21). Each of these images of child pornography constitutes an allowable unit of prosecution in itself. See VINEYARD V. STATE, 958 SW 2d 834,837-38 (Tex.Crim.App.1998). The trial court reviewed these "large number of images" and conducted "sort of a quick trial" while determining punishment. (RR.5,p.63). Petitioner was sentenced to 9 years confinement.

The Texas Constitution guarantees to defendants the right to indictment by a grand jury for all felony offenses. See COOK V. STATE, 902 SW 2d 471,475 (Tex.Crim.App.1995). Both the Sixth Amendment and Article 1, § 10, require that a defendant be given notice before trial of the "nature and cause" of the accusation against him, and require further that the notice be given with sufficient clairity and detail to enable the defendant to ANTICIPATE THE STATE'S EVIDENCE AND PREPARE A PROPER DEFENSE TO IT. See EASTEP V. STATE, 941 SW 2d 130,132 (Tex.Crim.App.1997). Under article 1, § 10, the requisite notice must come from the face of the charging instrument. Id. The accused is not required to look elsewhere. See RINEY V. STATE, 28 SW 3d 561,565 (Tex.Crim.App.2000). In this case, Petitioner did not receive the required notice. Petitioner had no idea that he pleaded guilty to a mountain of child pornography images. It is not sufficient to say that Petitioner knew with what offense he was charged. The inquiry must be whether the charging instrument in writing furnished that information in

8

plain and intelligible language. See **BECK V. STATE, 682 SW 2d 550, 554 (Tex.Crim.App.1985).** The fundamental protections of adequate notice and due process require careful examination and consideration from the perspective of the accused. See **MCMANUS V. STATE, 591 SW 2d 505,515 (Tex.Crim.App.1979).** Petitioner contends that because adequate notice is encompassed by fundamental protections and due process, that the present indictment was fundamentally defective and did not constitute an "indictment" under article V, § 12, of the Texas Constitution. Should this Court find that this error constitutes a defect in form or of substance requiring an objection or pre-trial motion to quash, See **STUDER V. STATE, 799 SW 2d 263, 268 (Tex.Crim.App.1990); see also TEXAS CODE OF CRIMINAL PROCEDURE ART. 1.14(b),** this error still raises a claim of ineffective assistance of trial counsel for these omissions, as well as an ineffective assistance of appellate counsel by failing to brief this issue for appeal, or at very least, draw attention to this issue in appellate counsel's ANDERS brief.

## VIOLATION OF THE BRADY RULE / INVOLUNTARY GUILTY PLEA AND INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To avoid unnecessary duplication, the Brady violation, involuntary guilty plea and ineffective assistance of trial counsel for failing to motion to withdraw Petitioner's guilty plea or file a motion for new trial will be briefed together.

9

On Febuary 16, 2012, Petitioner entered an open plea of guilty to the trial court to the third degree felony offense of possession of child pornography. **(RR.3,p.6).** Petitioner was represented by retained attorney Anthony Smith. (Smith)**(CR-23).** The trial court heard a motion for continuance on punishment on May 31, 2012, that was filed by Smith. **(RR.4,p.1).** During this hearing, the State untimely presented Smith with discovery of some crime scene photographs. (Photos)**(RR.4,p.4-5).** There were forty-seven (47) crime scene photos handed to Smith at this time. **(RR.4,p.8).** These photos depict, inter alia, the inside and outside of Petitioner's residence and shed, photos which were later identified and admitted into evidence as State's 2. **(RR.5,p.16).** The "shed" was later described as a computer work-shop with various computers and computer parts. **(RR.5,p.15).** The computer containing the child pornography, suspect computer hereinafter, was custome built, **(RR.5, p.22),** and contained three (3) seperate hard drives for storage. **(RR.5,p.31).** The suspect computer was recovered from Petitioner's work-shop. **(RR.5,p.36).** Two of the photos contained in State's 2, are close-ups taken by law enforcement at the time the suspect computer was seized. **See EXHIBIT B.** These photos show the left and right side casings of the suspect computer have been removed. This fact, in conjunction with testimony from Agent Baskerville that the suspect computer was custome built, **(RR.5,p.22),** would have supported a plausible defense that the suspect computer was

10

still in the process of being built and tested at the time of the alleged offense during May 2008. Indeed, Petitioner is a computer network engineer and computer technician. **(RR.5,p.46)**.

Moving now to three additional photos, also contained in State's 2, are photos of the suspect monitor taken by law enforcement while the suspect computer was turned on and operating. **See EXHIBIT C.** A close inspection of the display on the suspect monitor in exhibit , reflects dates of April 28, 2003. These dates represent the dates the user loaded the contraband into the hard drives. This strongly supports a defense that the child pornography, contraband hereinafter, was already present in the suspect hard drive when the suspect computer was custom built in May 2008.

Seven (7) additional photos contained in State's 2, show a mass array of used computer parts. **See EXHIBIT D.** Indeed, Agent Baskerville confiscated numerous hard drives and computer storage devices from Petitioner's workshop. **(RR.5,p.30-31)**. A reasonable summation of all the foregoing evidence adduced during punishment would have supported an affirmative defense and trial strategy that Petitioner, while using used computer parts, custom built the suspect computer without knowledge that he was installing used hard drives that contained contraband. Except, Petitioner was denied this defense because the State withheld the exculpatory photos until AFTER Petitioner pleaded guilty. The trial court opined that if the photos were important enough for the State to

11

introduce them into evidence, that they were important enough to give the defense discovery of the said photos. (RR.4;p.9). (EMPHASIS ADDED). Even so, the State and the trial court still expresses thier objections should Petitioner attempt to contest his guilt at the time said photos were untimely disclosed by the State. (RR.4,p.10).

The Due Process Clause of the Fourteenth Amendment requires disclosure of favorable evidence even without a request. **See KYLES V. WHITLEY, 514 U.S. 419,433 (1995); BRADY V. MARYLAND, 373 U.S. 83 (1963) and EX PARTE MOWBRAY, 943 SW 2d 461,466 (Tex.Crim.App. 1996)**, a request that was made by defense counsel in the present case. **(CR-24)**. This mandatory disclosure of material evidence applies in a bench trial on a guilty plea. **See EX PARTE LEWIS, 587 SW 2d 697 (Tex.Crim.App.1979)**. Petitioner was entitled to PRE-TRIAL discovery of this evidence as a matter of law. The court of appeals erroneously concluded that Petitioner failed to show that the said photos were favorable to him. This is not Petitioner's responsibility to meet this burden because the court of appeals is not permitted to consider Petitioner's pro se response on the merits. **See STAFFORD V. STATE, 813 SW 2d 503,511 (Tex.Crim.App. 1991)** quoting ANDERS, 386 U.S. at 744. The issue for the court of appeals was to determine whether there were arguable bases for appeal. **Id.** If so, then a skilled attorney would brief the issue in an attempt to convince the court of appeals that the photos

12

were favorable to Petitioner. See **IN RE SCHULMAN, 252 SW 3d at 409** (the appeal will be abated and remanded to the trial court for appointment of counsel to file a merits brief). As stated in ground one, this gives the effect of denying Petitioner's appeal on the merits without counsel briefing the issue.

The court of appeals erroneously concluded further that the State's withholding of the photos did not affect the voluntariness of Petitioner's guilty plea as would provide an arguable bases for appeal. The proper analysis in determining whether a guilty plea was made voluntarily is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." See **HILL V. LOCKHART, 474 U.S. 52, 56 (1985)**(quoting **NORTH CAROLINA V. ALFORD, 400 U.S. 25,31 (1970)**). As demonstrated, the record heretofore conclusively shows an alternative course of action that was available to Petitioner PRIOR to entering his guilty plea if only Petitioner would have been aware that the State possessed the said crime scene photos that would have supported a defense theory that Petitioner custom built the suspect computer not knowing that it contained contraband. Such a denial of due process before entry of a guilty plea cannot be waived by that plea, but to the contrary, as a matter of law renders the plea involuntary. See **EX PARTE LEWIS, 587 SW 2d at 703.** Petitioner and his attorney could not make an intelligent decision

on whether to plead guilty when they had not received favorable information that was in the State's file to which they were entitled. **Id.** A fact that the court of appeals ignored when placing emphasis on Petitioner's confession during the punishment hearing. **See MEMORANDUM OPINION pg. 2.** As stated, the trial court and the State had both already expressed their objections should Petitioner attempt to contest his guilt at the time the said photos were untimely disclosed to the defense. **(RR.4,p.10).** This left Petitioner with the only alternative trial strategy to plead guilty, **(RR.3,p.6),** accept full responsibility for the contraband, **(RR.5,p.47),** and request probation from the trial court. **(RR.5,p. 59-61).** A trial strategy that yielded Petitioner a nine (9) year prison sentence. **(RR.5,p.64).** Accordingly, it cannot be said that the outcome of these proceedings would have been the same if Petitioner would have been provided PRE-TRIAL discovery of the said photos. **See BRADY, 373 U.S. 83 and WYATT V. STATE, 23 SW 3d 18,27 (Tex.Crim.App.2000)**(setting standard which creates a "reasonable probability" that the outcome of the proceedings would have been different).

The inquiry into the withholding of the photos is not limited to the BRADY claim and the voluntariness of Petitioner's guilty plea. This issue further raises an ineffective assistance of trial counsel claim because counsel should have filed a motion for

14

new trial or a motion to withdraw Petitioner's guilty plea at the time that the said photos were untimely disclosed and counsel himself stated that he believed that the photos were more pertinent than just crime scene photos. **(RR.4,p.10).** Indeed, Petitioner had the right to the presumption of innocence and the right to put the State to its burden of proof before a criminal conviction. **See MILES V. STATE, 204 SW 3d 822,825 (Tex.Crim.App. 2006)**(and cases cited therein). If trial counsel would have filed a motion to withdraw Petitioner's guilty plea or a motion for new trial, a hearing on either motion would have (1) entitled Petitioner to a new trial holding the State to its burden of proof, or; (2) made a record of the proceedings sufficient enough to preserve this error for appellate review. Trial counsel's conduct fell below an objectionable standard of reasonableness, and, but for counsel's errors, the outcome of these proceedings would have been different. **See STRICKLAND V. WASHINGTON, 104 S.CT. 2052 (1984).** And although the reviewing court generally reviews the totality of counsel's representation, a single error may be the focus of a claim of ineffective assistance of counsel as well. **See UNITED STATES V. CHRONIC, 104 S.CT. 2039,2045-46, n.20 (1984) and see EX PARTE FELTON, 815 SW 2d 733,735-36 (Tex.Crim.App.1991)** (supreceded on other grounds).

15

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
## FAILING TO MOVE TO RECUSE JUDGE CARROLL

On May 31, 2012, the trial court heard Petitioner's motion for continuance filed by defense counsel. (Smith) During the hearing on said motion, the following exchange occurred:

THE COURT: "..I don't care about your little fusses over your discovery. But I'm going to revoke his bond and I'm going to put him back in jail, and he can wait in jail until you get ready for trial. ...I'v done nothing except hear from Mr McIntyre for the last almost two years, and I'm just sick of dealing with him. And he's going to go to court, and he's going to go to trial, and he's going to get his trial over with, and I'm not going to wait for him anymore. And, so, I'm going to put him in jail and revoke his bond, and you can have two weeks or three weeks, or whatever you want."

MR SMITH: Yes, sir.

THE COURT: Okay ? And he'll be waiting in jail while you get your act together.

MR SMITH: Judge, I just want to be effective. I appreciate that.

THE COURT: Well, two weeks.

MR SMITH: That's fine, Your Honor.

THE COURT: Is that effective ?...So Mr McIntyre, I'm going to raise your bond. I'm not going to set a bond. I'm going to hold you

16

without a bond.... .

(RR.4,p.11-13). Petitioner asserts that these statements and rulings by Judge Carroll demonstrate the judge's inability to be impartial, (1) to the Petitioner and his counsel; (2) as to the rules of evidence governing discovery, and: (3) Petitioner's right to due process and due course of law. At this time, Smith should have filed a motion to recuse Judge Carroll. **See TEX. R. CIV. PROC. RULE 18b (b)(1).** These provisions governing recusal apply to criminal cases. **See ARNOLD V. STATE, 853 SW 2d 543,544 (Tex.Crim.App.1993).** A motion to recuse on the grounds that the judge's impartiality may be questioned would not have required a showing of bias or partiality arising from an extrajudicial source that is outside the judicial proceeding. **See KNIATT V. STATE, 239 SW 3d 910,920 (Tex.App.-Waco 2007, on rehearing, 255 SW 3d 311, pet.ref'd).** Judge Carroll's statements also display bias and prejudice to Petitioner and Smith. **See TEX. R. CIV. PROC. RULE 18b (b)(2).** This provision generally requires a showing that the bias or prejudice stemmed from an extrajudicial source. **See SOMMERS V. CONCEPCION, 20 SW 3d 27,44 (Tex.App.-Houston [14th Dist] 2000, pet.denied).** However, Judge Carroll's remarks in the present case show a deep-seated antagonism that makes fair judgment impossible. Under these particulars, Petitioner would not have been required to show that the bias or prejudice stemmed from an extrajudicial source. **See KNIATT, at 920.** If Smith would

17

have filed a motion to recuse, Judge Carroll would have been required to either grant the motion or refer the motion, so another judge could determine the merits of the motion to recuse. **See MCLEOD V. HARRIS, 582 SW 2d 772,775 (Tex.1979).** A hearing on the motion to recuse would have, (1) further developed any grounds for recusal, and; (2) preserved this error for appellate review.

Trial counsel's failure to file a motion to recuse Judge Carroll fell below an objectionable standard of reasonableness, and but for counsel's error, the outcome of these proceedings would have been different because Petitioner's punishment hearing would have been before a different judge. **See STRICKLAND, 104 S.CT. 2052 (1984).** The court of appeals erroneously concluded that this conduct by Judge Carroll only "expressed exasperation" with Petitioner. **See MEMORANDUM OPINION pg.2.** By reaching this conclusion the court of appeals has dismissed Petitioner's claim on the merits of a pro se brief.

## CONCLUSION

The above issue, as do the others, only require that there be an "arguable bases for appeal." **See BLEDSOE, 178 SW 3d at 824.** It appears that the court of appeals has lost sight of this fact while issuing its memorandum opinion. The fact is that there are thousands of memorandum opinions issued each years from appeals that were briefed by skilled counsel. As is known to this Court

18

a memorandum opinion is based upon well established law. **See BLACK'S LAW DICTIONARY 9TH Ed. 2009.** However, thousands of other defendants are granted the opportunity to have these appeals prepared and argued on the merits by skilled counsel. At the very least, the foregoing should have been included in counsel's ANDERS brief and explained as to why these issues are not meritoreous. For this reason, this case should be remanded to the trial court for appointment of new counsel for the purpose of filing a proper ANDERS brief or to file a merits brief on these issues or any other issues identified by this Court. **See IN RE SCHULMAN, 252 SW 3d at 409, and ANDERS 386 U.S. at 744.**

PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that this Court grant discretionary review.

Respectfully Submitted,

Ernest Benl McIntyre
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146

APPELLANT, PETITIONER PRO SE

# CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served on each party as indicated below on this 6th day of January, 2015, via U.S. mail, postage pre-paid.

Bob Odom
Asst.Dist.Attorney
P.O. Box 540
Belton, Tx. 76513

Tim Copeland
Attorney at Law
930 S. Bell Blvd.,Ste.408
Cedar Park, Tx. 78613

State Prosecuting Attorney
P.O. Box 12405
Austin, Tx. 78711

_Ernest Benl McIntyre_
Ernest Benl McIntyre

EXHIBIT A

MEMORANDUM OPINION

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00508-CR

**Ernest Benl McIntyre, Appellant**

v.

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 66893, HONORABLE JOE CARROLL, JUDGE PRESIDING

## MEMORANDUM OPINION

Ernest Benl McIntyre pleaded guilty to possession of child pornography. *See* Tex. Penal Code § 43.26. After a non-jury punishment hearing, the trial court assessed a sentence of nine years in prison.

McIntyre's court-appointed appellate attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id.*; *see also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978). McIntyre's counsel sent a copy of the brief to McIntyre and advised him of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744.

*EXHIBIT A*

McIntyre has filed a pro se brief in which he raises four issues that he contends merit further study by new appellate counsel. Three of the complaints relate to photographs of a computer on which pornographic images were found—photos that McIntyre contends are exculpatory because they raise the possibility that he unwittingly acquired the illegal images when he bought used disk drives to install as he built the computer. He argues (1) that the State violated the *Brady* rule by withholding favorable evidence until after his guilty plea, (2) that the State's failure to produce photos of the computer before his guilty plea rendered his plea unknowing and involuntary, and (3) that his trial counsel was ineffective for failing to file a motion either to withdraw his guilty plea or new trial once these photos were revealed. His fourth claim is that his counsel was ineffective in failing to file a motion to recuse the trial judge as biased because he expressed exasperation with McIntyre.

We conclude, based on the record before us, that McIntyre has not shown meritorious grounds that could be substantiated with new appellate counsel. He has not shown that new counsel could present a meritorious argument that the photos are favorable to him. Further, at the punishment phase—six weeks after seeing the photos of the computer and after the photos of the computer were admitted into evidence—McIntyre admitted his guilt, saying "I'm accepting responsibility. I actually take full responsibility for this even though it was the cocaine that caused this. But I do accept—I did this. **I went to those sites. I clicked on those buttons and it was on my computer.**" This is inconsistent with his claim in his pro se brief that, had he known of the photos of the computers sooner, he would have argued that the disk drives were loaded with the illegal images before he bought them and without his knowledge. The record also does not

2

demonstrate a plausible argument that his counsel was ineffective for failing to file a motion to withdraw his guilty plea, for a new trial, or to recuse the trial judge.

We have reviewed the record and find no reversible error. *See Garner v. State,* 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). We agree with counsel that this appeal is frivolous, affirm the judgment of conviction, and grant counsel's motion to withdraw.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: June 4, 2014

Do Not Publish

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED JUNE 4, 2014

### NO. 03-12-00508-CR

**Ernest Benl McIntyre, Appellant**

v.

**The State of Texas, Appellee**

---

**APPEAL FROM 27TH DISTRICT COURT OF BELL COUNTY
BEFORE CHIEF JUSTICE JONES, JUSTICES ROSE AND GOODWIN
AFFIRMED -- OPINION BY JUSTICE ROSE**

---

This is an appeal from the judgment of conviction entered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment of conviction. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

**EXHIBIT B**

PHOTOS OF SUSPECT COMPUTER



EXHIBIT C

**EXHIBIT C**

PHOTOS OF SUSPECT MONITOR

EXHIBIT C



EXHIBIT C

EXHIBIT C

**EXHIBIT D**

PHOTOS OF MASS ARRAY OF PARTS



EXHIBIT **C**

EXHIBIT **D**

ERNEST BENL MCINTYRE
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146

Court of Criminal Appeals
Abel Acosta, Clerk
P.O. Box 12308
Austin, Tx. 78711-2308

January 6, 2015

RE: MCINTYRE V. STATE, P.D.R. NO. PD-1486-14

Dear Clerk,

Enclosed please find Appellant's pro se petition for discretionary review to be filed for record in the above referenced cause and brought to the attention of the Court. Thank you.

Sincerely,

Ernest Benl McIntyre
Appellant, Petitioner Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 08 2015

Abel Acosta, Clerk

c. File